IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. | Civil Action No. 02-cv-2741 |
| Plaintiff | |
| v. | |
| ASG CONSULTANTS LTD. | |
| Defendant | **JURY TRIAL DEMANDED** |

PLAINTIFF LYNX ASSOCIATES, INC.'S ANSWER TO COUNTERCLAIMS

Lynx Associates, Inc. ("Lynx"), by and through its attorneys, answers the counterclaims of ASG Consultants, Ltd. as follows:

Counterclaim, Count I

Misrepresentation by Plaintiff of Ability to Generate Orders

43. In answer to paragraph 43 of defendant's counterclaims, Lynx denies the allegations therein.

44. In answer to paragraph 44 of defendant's counterclaims, Lynx denies the allegations therein.

Counterclaim, Count II

Fundamental Breach of Contract

45. In answer to paragraph 45 of defendants' counterclaims, Lynx denies the allegations therein.

46. In answer to paragraph 46 of defendant's counterclaims, Lynx denies the allegations therein.

Counterclaim, Count III

<u>Breach of Contract</u>

47. In answer to paragraph 47 of defendants' counterclaims, Lynx denies the allegations therein.

48. In answer to paragraph 48 of defendant's counterclaims, Lynx denies the allegations therein.

WHEREFORE, Lynx Associates, Inc. respectfully requests that this Court grant judgment in favor of Lynx on all counterclaims, dismiss such counterclaims with prejudice, and award Lynx its costs and such other relief as the Court deems just and proper; and grant judgment in favor of Lynx in its claims and award damages, together with interest, costs, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant has failed to state a claim for which relief may be granted.
2. The counterclaims must be dismissed on the basis that defendant, a corporation, is improperly proceeding in this action without an attorney.
3. The counterclaims, or portions of them, are barred by the applicable statute of limitations.
4. The counterclaims, or portions of them, are barred by the statute of frauds.
5. The counterclaims, or portions of them, are barred by the doctrine of estoppel
6. The counterclaims, or portions of them, are barred by a failure of consideration.
7. The counterclaims, or portions of them, are barred by a failure to plead fraud with necessary particularity required by F.R.C.P. 8.
8. Defendant's pleading does not conform to the Federal Rules of Civil Procedure, in most instances, it does not indicate whether a given allegation in the complaint is admitted or denied.
9. Count one of defendant's counterclaim asserts a claim for fraud. Fraud is not pled with particularity as required by Federal Rule of Civil Procedure 8.

10. In Count two of defendant's counterclaim, defendant has failed to state a claim for which relief can be granted, specifically, but not limited to, a failure to allege a viable claim for damages.

11. Count three of defendant's counterclaim fails to state a claim for which relief can be granted. If defendant improperly terminated its contract with plaintiff, defendant cannot have a viable claim against plaintiff, as defendants attempt to assert.

12. Defendant's prayer for relief, paragraphs two, three, four and five, should be dismissed as there are no allegations in the counterclaim that would support the relief requested.

Respectfully submitted,

_____

MITCHELL A. KRAMER
KRAMER & KRAMER, LLP
1077 Rydal Road, Suite 100
Rydal, PA 19046
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the Plaintiff's Answer to Counterclaims and Affirmative Defenses to be served upon Defendant pro se by causing same to be deposited in the United States mail, postage prepaid, addressed as follows:

       ASG CONSULTANTS LTD.
       36 Hett Creek Drive
       Port Moody, B.C., Canada V3H427

    The defendant corporation is being served since no attorney has appeared in this case on behalf of defendant. Plaintiff intends to file an appropriate motion to deal with this situation.

                                                                                        _____
                                                                                       Mitchell A. Kramer
                                                                                      Attorney for Plaintiff

Dated:_____