UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ASG CONSULTANTS LTD.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 02-2741 |

**DEFENDANT ASG CONSULTANTS LTD.'S**
**FIRST AMENDED ANSWER**

Defendant ASG Consultants Ltd. (hereinafter "ASG"), by and through its undersigned counsel, hereby answers Plaintiff Lynx Associates, Inc.'s (hereinafter "Lynx") Complaint. All averments of the Complaint not specifically admitted or denied below are hereby denied. In response to the averments contained in the individually numbered paragraphs of the Complaint, ASG further states as follows:

**NATURE OF CASE**

1.      Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

2.      The averments of paragraph 2 constitute legal conclusions to which no responsive pleading is required.

**JURISDICTION AND VENUE**

3.      Admits only that Lynx purports to invoke the jurisdiction of this Court pursuant to the statute set forth in paragraph 3 of Lynx's Complaint.

4. Admits only that Lynx purports to invoke venue in the Eastern District of Pennsylvania pursuant to the statutes set forth in paragraph 4 of Lynx's Complaint, but denies the remaining averments of paragraph 4.

## PARTIES

5. Admits the averments of paragraph 5.

6. Admits the averments of paragraph 6.

## FACTUAL ALLEGATIONS

7. Admits the averments of paragraph 7.

8. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8.

## ASG-LYNX CONTRACT

9. Admits the averments of paragraph 9.

10. Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

11. Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

12. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.

13. Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

14. Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

15. Admits only that a letter was sent from Bilfield & Sandel Co., L.P.A. to Lynx dated September 28, 2001, which speaks for itself, and any averments inconsistent with that writing are denied.

16. Admits only that a letter was sent from ASG to Lynx dated April 19, 2001, which speaks for itself, and any averments inconsistent with that writing are denied. Denies the remaining averments of paragraph 16. Furthermore, to the extent the averments of paragraph 16 constitute legal conclusions, no responsive pleading is required.

17. Admits only that paragraph 7.1 of the parties' contract is entitled "For Cause Termination," which speaks for itself, and any averments inconsistent with that writing are denied.

18. Denies the averments of paragraph 18. To the extent the averments of paragraph 18 constitute legal conclusions, no responsive pleading is required.

19. Admits only that ASG owes Lynx pre-termination commissions, the amount of which the parties dispute. Denies the remaining averments of paragraph 19. Furthermore, to the extent that the averments of paragraph 19 constitute legal conclusions, no responsive pleading is required.

## COUNT I
## BREACH OF CONTRACT

20. The answers to paragraphs 1 through 19 are incorporated by reference as if fully set forth at length herein.

21. Denies the averments of paragraph 21. To the extent the averments of paragraph 21 constitute legal conclusions, no responsive pleading is required.

22. Admits only that ASG has asserted and continues to assert that good cause existed for ASG's decision not to renew the parties' contract. Denies the remaining averments of paragraph 22. Furthermore, to the extent the averments of paragraph 22 constitute legal conclusions, no responsive pleading is required.

23. Admits only that ASG owes Lynx pre-termination commissions, the amount of which the parties dispute. Is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 23. Furthermore, to the extent the averments of paragraph 23 constitute legal conclusions, no responsive pleading is required.

## COUNT II
## BREACH OF CONTRACT

24. The answers to paragraphs 1 through 23 are incorporated by reference as if fully set forth at length herein.

25. Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

26. Admits only that Lynx and ASG entered into a "Sales Agency Agreement" dated August 1, 1998, which speaks for itself, and any averments inconsistent with that writing are denied.

27. Denies the averments of paragraph 27. To the extent the averments of paragraph 27 constitute legal conclusions, no responsive pleading is required.

28. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28. To the extent the averments of paragraph 28 constitute legal conclusions, no responsive pleading is required.

### COUNT III
### BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

29. The answers to paragraphs 1 through 28 are incorporated by reference as if fully set forth at length herein.

30. The averments of paragraph 30 constitute legal conclusions to which no responsive pleading is required.

31. Denies the averments of paragraph 31.

32. Denies the averments of paragraph 32.

33. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33. To the extent the averments of paragraph 33 constitute legal conclusions, no responsive pleading is required.

### COUNT IV
### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

34. The answers to paragraphs 1 through 33 are incorporated by reference as if fully set forth at length herein.

35. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35.

36. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36.

37. Admits only that ASG knew that Lynx was a manufacturer's representative which purported to have contacts with wholesalers, dealers and distributors in the horticulture market and that the contacts Lynx purported to have could have been beneficial for both parties. Denies the remaining averments of paragraph 37.

38. Denies the averments of paragraph 38. To the extent the averments of paragraph 38 constitute legal conclusions, no responsive pleading is required.

39. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39. To the extent the averments of paragraph 39 constitute legal conclusions, no responsive pleading is required.

## COUNT V
## INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

40. The answers to paragraphs 1 through 39 are incorporated by reference as if fully set forth at length herein.

41. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41.

42. Admits only that ASG knew that Lynx was a manufacturer's representative which purported to have contacts with wholesalers, dealers and distributors in the horticulture market and that the contacts Lynx purported to have could have been beneficial for both parties. Denies the remaining averments of paragraph 42.

43. Denies the averments of paragraph 43. To the extent the averments of paragraph 43 constitute legal conclusions, no responsive pleading is required.

44. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44. To the extent the averments of paragraph 44 constitute legal conclusions, no responsive pleading is required.

## COUNT VI
## VIOLATION OF THE NEW JERSEY
## SALES REPRESENTATIVES' RIGHTS LAW

45. The answers to paragraphs 1 through 44 are incorporated by reference as if fully set forth at length herein.

46. The averments of paragraph 46 constitute legal conclusions to which no responsive pleading is required.

47. The averments of paragraph 47 constitute legal conclusions to which no responsive pleading is required.

48. Admits only that Lynx purports to rely on the statute cited in paragraph 48, which speaks for itself, and any averments inconsistent with that statute are denied.

49. The averments of paragraph 49 constitute legal conclusions to which no responsive pleading is required.

50. Admits only that ASG owes Lynx pre-termination commissions, the amount of which the parties dispute. Denies the remaining averments of paragraph 50.

51. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51. To the extent the averments of paragraph 51 constitute legal conclusions, no responsive pleading is required.

## COUNT VII
## VIOLATION OF VARIOUS SALES REPRESENTATIVE'S LAWS

52. The answers to paragraphs 1 through 51 are incorporated by reference as if fully set forth at length herein.

53. Admits only that ASG owes Lynx pre-termination commissions, the amount of which the parties dispute. Denies the remaining averments of paragraph 53. Furthermore, to the extent that the averments of paragraph 53 constitute legal conclusions, no responsive pleading is required.

54. The averments of paragraph 54 constitute legal conclusions to which no responsive pleading is required.

55. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55. To the extent the averments of paragraph 55 constitute legal conclusions, no responsive pleading is required.

### COUNT VIII
### BREACH OF CONTRACT

56. The answers to paragraphs 1 through 55 are incorporated by reference as if fully set forth at length herein.

57. Admits only that ASG corresponded with Lynx regarding a proposed bonus commission schedule. Denies the remaining averments of paragraph 57. Furthermore, to the extent the averments of paragraph 57 constitute legal conclusions, no responsive pleading is required.

58. Admits only that ASG has not paid commissions as outlined in the proposed bonus commissions correspondence. Denies the remaining averments of paragraph 58. Furthermore, to the extent the averments of paragraph 58 constitute legal conclusions, no responsive pleading is required.

59. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59. To the extent the averments of paragraph 59 constitute legal conclusions, no responsive pleading is required.

### FIRST DEFENSE

Lynx has not stated a claim upon which relief can be granted.

### SECOND DEFENSE

Lynx's claims are barred, in whole or in part, by the doctrine of laches, estoppel and/or waiver.

### THIRD DEFENSE

Lynx's claims are barred, in whole or in part, because ASG's nonrenewal of the parties' agreement was justified, legitimate and with cause.

## FOURTH DEFENSE

Lynx's claims are barred, in whole or in part, due to Lynx's own material breach of contract.

## FIFTH DEFENSE

Lynx's claims are barred, in whole or in part, because Lynx cannot establish elements necessary to its claims.

## SIXTH DEFENSE

On information and belief, Lynx's contract claims are barred, in whole or in part, by reason of the unenforceability of the alleged contract in question.

## SEVENTH DEFENSE

Lynx's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

If Lynx has suffered any injury, the injury is not due to the actions of ASG.

## NINTH DEFENSE

Lynx's claims for damages are barred to the extent that Lynx has failed to mitigate any damages, if any, it may have suffered.

## TENTH DEFENSE

Lynx's claims for multiple, punitive and/or exemplary damages are barred to the extent that the claimed damages are not authorized by governing law.

## ELEVENTH DEFENSE

ASG reserves the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.

## PRAYER FOR RELIEF

WHEREFORE, ASG demands that Lynx's Complaint be dismissed and that judgment be entered in its favor and against Lynx, and that ASG be awarded its costs and attorneys fees in defending this action, plus such other relief as the Court may deem appropriate.

Respectfully submitted,

Laurence Z. Shiekman (I.D. #15203)
Silvia Adriana Salvucci (I.D. #87688)
**PEPPER HAMILTON LLP**
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215.981.4000

**Dated:** September 6, 2002

## CERTIFICATE OF SERVICE

I, Silvia Adriana Salvucci, hereby certify that on September 6, 2002, I caused a true and correct copy of the foregoing Defendant ASG Consultants Ltd.'s First Amended Answer to be served via Facsimile and via First Class Mail to the following:

>Mitchell A. Kramer, Esquire
>Kramer & Kramer, LLP
>1077 Rydal Road
>Suite 100
>Rydal, PA 19046

_____
Silvia Adriana Salvucci

**Dated:** September 6, 2002