IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| LYNX ASSOCIATES, INC.,      ) | |
|      ) | |
|     Plaintiff,     ) | |
|    v.     ) | Civil Action No. 02-cv-2741 |
|      ) | |
| ASG CONSULTANTS LTD.,     ) | |
|      ) | |
|     Defendant.     ) | |

---

**PLAINTIFF'S MOTION TO SUSPEND THE DEADLINES SET FORTH IN THE COURT'S
SEPTEMBER 12, 2002 SCHEDULING ORDER, PURSUANT TO FED.R.CIV.P. 16(b)(6)**

Plaintiff, Lynx Associates, Inc. ("Lynx"), by and through its attorneys, Kramer &
Kramer, LLP, moves, pursuant to Fed.R.Civ.P. 16(b)(6), and for the reasons set forth in the
attached memorandum of law, for an order extending the deadlines set forth in the September 12,
2002 Scheduling Order. Defendant has stipulated to an extension of those deadlines. *See*
Exhibit 1, Stipulation to Extend the Discovery Deadline.

This request is being filed as a result of Lynx's allegations that defendant has failed to
serve complete and timely responses to Lynx's First Set of Interrogatories and Request for
Production of Documents. Lynx's Motion to Compel Discovery, which addresses defendant's
failure to respond to Lynx's discovery requests, will be filed early next week with the Court.

Defendant, ASG Consultants Ltd. ("ASG") agrees to the suspension of deadlines in the
September 12, 2002 Scheduling Order in that good cause exists for the suspension to be granted.
Defendant, however, does not concur with the reasons for the extension as set forth in Lynx's
attached Memorandum of Law. Rather, ASG reserves comment on the discovery disputes raised

therein until, after the parties attempt to resolve them in good faith, court intervention proves

necessary.

In view of the parties' agreement to the extension, and for the reasons set forth in the

attached memorandum of law, Lynx respectfully requests that the Court extend the discovery

deadline until such date that the Court determines that the parties have had reasonable time to

complete discovery and fulfill the other deadlines set forth in the September 12, 2002 Scheduling

Order.

Respectfully submitted,


DATE: March 14, 2003                                S/Mitchell A. Kramer
                                                    Mitchell A. Kramer
                                                    KRAMER & KRAMER, LLP
                                                    1077 Rydal Road, Suite 100
                                                    Rydal, PA 19046
                                                    (215) 887-9030

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LYNX ASSOCIATES, INC.,                    )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        Civil Action No. 02-cv-2741
                                          )
ASG CONSULTANTS LTD.,                     )
                                          )
            Defendant.                    )

## ORDER

AND NOW, this _____ day of _____, 2002, it is hereby ORDERED AND DECREED as follows:

The current deadlines set forth in the Court's September 12, 2002 Scheduling Order are HEREBY SUSPENDED until such date, in the Court's determination, that the parties have had reasonable time to complete discovery.

BY THE COURT:

_____
                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNX ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 02-cv-2741 |
| | ) | |
| ASG CONSULTANTS LTD., | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS PLAINTIFF'S MOTION TO
SUSPEND THE DEADLINES SET FORTH IN THE COURT'S SEPTEMBER 12, 2002
SCHEDULING ORDER, PURSUANT TO FED.R.CIV.P. 16(b)(6)

I.    Introduction

Plaintiff Lynx Associates, Inc. ("Lynx") respectfully moves the Court to suspend the

deadlines set forth in the Court's September 12, 2002 Scheduling Order, to enable the parties to

complete discovery.

II.    Factual And Procedural Background

Lynx, a sales agency engaged in the business of representing manufacturers and

distributors in the horticultural industry, entered into a Sales Agency Agreement (the "Contract")

with defendant, ASG Consultants Ltd. ("ASG"), on or about August 1, 1998.  Under the

Contract, Lynx was to act as defendant's exclusive sales representative in a designated territory,

marketing and selling products manufactured or supplied by ASG.  *See* Contract attached to the

Complaint as Plaintiff's Exhibit 1.  ASG is a manufacturer of a seedling protection system and

trades under the name of "Repellex."

This action arises out of Lynx claims that defendant wrongfully terminated Lynx's

Contract and failed to pay sums of money to Lynx as required by the Contract, violated the New

Jersey Sales Representatives' Rights Law, and other state sales representatives laws that may be applicable to this case, and violated the covenant of good faith and fair dealing. Lynx also asserts a related claim for tortious interference with advantageous business relationships, alleging that defendant improperly contacted Lynx customers and sold ASG products directly to customers in Lynx's territory.

Lynx initiated this action on May 7, 2002. Service of the complaint was not successfully effectuated until June 26, 2002. Initially, defendant, a Canadian corporate entity, attempted to proceed without representation by an attorney in the United States, despite the fact that a corporation cannot proceed *pro se*. Therefore, defendant did not properly appear in this action until it retained its current legal counsel on September 6, 2002. On September 6, 2002, defendant also filed a First Amended Answer, which superseded the Answer and Counterclaims filed by Amar Grewal, president of ASG, on August 1, 2002.

The Court issued the most recent Scheduling Order in this case on September 12, 2002. In that Scheduling Order, the parties were ordered to complete discovery by March 17, 2003. Lynx served its First Set of Interrogatories and Request for Production of Documents to defendant on January 27, 2003.

Lynx has done nothing to delay the proceedings up to this point. During the time period after defendant filed its First Amended Answer on September 6, 2002 and before the parties served their initial disclosures on each other, settlement of the case was being entertained, and there was a strong indication that the case would be settled promptly. As soon as it appeared that settlement was unlikely, Lynx served defendant with its initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure on January 2, 2003. Lynx then served defendant with its

2

discovery requests on January 27, 2003.  Defendant served Lynx with its initial disclosures on February 19, 2003.

Lynx and defendant confirmed in writing that defendant's responses to Lynx's discovery requests would be due on February 28, 2003.  *See* Exhibit 2, letter from defendant to Lynx dated February 26, 2003.  Defendant faxed its responses to Lynx's First Set of Interrogatories and Request for Production of Documents on February 28, 2003, and a few days later, Lynx received defendant's Bates' stamped documents ASG001-ASG083 on March 3, 2003.  Lynx received faxed responses on the date promised, although the documents were received a few days after the deadline.

The initial documents and written responses that defendant produced are inadequate, for reasons more fully set forth in plaintiff's Motion to Compel Discovery and accompanying memorandum of law.  After conferring with defendant on its initial responses and document production in relation to plaintiff's discovery requests on March 11, 2003, defendant sent plaintiff amended written responses to Lynx's discovery requests on March 12, 2003.  *See* Exhibit 3, letter from plaintiff to defendant dated March 11, 2003.  Defendant also promised to send additional relevant documents to plaintiff by March 21, 2003.  Accordingly, the plaintiff will not know, until after the discovery deadline, whether additional discovery, or a Court Order compelling discovery, are required.  If the additional documents produced by defendant provide complete responses to Lynx's discovery requests, then the Motion to Compel Discovery will be withdrawn.    The parties will continue to work together toward resolving the discovery disputes in good faith and, if possible, without Court intervention.

III.    Argument

<u>Good Cause Exists For Extending The Discovery Deadline And Suspending Other
Deadlines Contained In The Court's September 12, 2002 Scheduling Order Until The
Parties Have Had Reasonable Time To Complete Discovery</u>

The initial documents and written responses produced in response to Lynx's discovery

requests fail to conform to the requirements of the Federal Rules of Procedure in several ways.

Defendant's initial written responses to Lynx's discovery requests are non-responsive, and the

stock objections that are made for almost each discovery request are not stated with specificity.

*See* Fed.R.Civ.P. 33(b) and 34(b).  Further, defendant's initial responses to Lynx's Request for

Document Production do not indicate, in a definitive manner, whether documents pertaining to a

particular request are even produced, as almost each response states that "Subject to the

foregoing objections, responsive and non-privileged documents, *if any*, will be produced."

(emphasis added).  Defendant's initial responses also fails to set forth whether certain documents

requests actually existed, thereby rendering the responses uninformative and vague.

According to the Federal Rules of Civil Procedure 16(b)(6), a party must show good

cause in order to modify a scheduling order's directive regarding the completion of discovery.

As discussed above, Lynx has done nothing to delay the proceedings.  *See Sellers v. AVP*

*International*, 1989 WL 102927, *2 (E.D.Pa. 1989) (ordering that the discovery deadline be

extended and that defendant  respond to plaintiff's outstanding discovery requests within a

designated amount of time).  As discussed in *Sellers*, the Advisory Committee Notes following

the 1983 amendment to Rule 16 suggest that a discovery schedule imposed by the court may be

modified on a showing of good cause "'if it cannot reasonably be met despite the diligence of the

party seeking the extension.'" *Id.* (quoting 1983 Advisory Committee Notes to Fed.R.Civ.P. 16).

Here, with less than a week until the discovery deadline, Lynx has not received complete

4

responses to its discovery requests.  Although the parties are attempting to resolve their

discovery disputes, further discovery and a ruling on plaintiff's Motion to Compel Discovery

may be required.  Accordingly, ample good cause exists to justify extending the discovery period

and subsequent deadlines in the September 12, 2002.  *See Sellers*, 1989 WL at *2 (granting

plaintiff's motion to extend discovery, because the Court attributed the delay in discovery to

defense counsel's evasive and uncooperative nature in failing to make any effort to produce

relevant documents).

CONCLUSION

For the reasons set forth above, plaintiff, Lynx Associates, Inc. respectfully requests that

the Court suspend all deadlines in the September 12, 2002 Scheduling Order, until such date that

the Court determines that the parties have had reasonable time to complete discovery.

Respectfully submitted,

Date: March 14, 2003

S/Mitchell A. Kramer
Mitchell A. Kramer
KRAMER & KRAMER, LLP
1077 Rydal Road, Suite 100
Rydal, PA 19046
(215) 887-9030

S:\Lynx\motextdiscdeadline

5

## CERTIFICATE OF SERVICE

I, Mitchell A. Kramer, attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of Plaintiff's Motion to Suspend the Deadlines Set Forth in the Court's September 12, 2002 Scheduling Order Pursuant to Fed.R.Civ.P. 16(b)(6) via facsimile on counsel for defendant as follows:

        Silvia Adriana LeBlanc, Esquire
        Pepper Hamilton LLP
        3000 Two Logan Square
        Eighteenth & Arch Streets
        Philadelphia, PA 19103-2799
        Facsimile No. 215-981-4750

                                        S/Mitchell A. Kramer
                                        Mitchell A. Kramer
                                        KRAMER & KRAMER, LLP
                                        Attorney for Plaintiff

Dated: March 14, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

6

LYNX ASSOCIATES, INC.,     )
             )
     Plaintiff,   )
             )
    v.      )   Civil Action No. 02-cv-2741
             )
ASG CONSULTANTS LTD.,   )
             )
     Defendant.  )

_____

### STIPULATION TO SUSPEND THE DEADLINES SET FORTH IN THE COURT'S SEPTEMBER 12, 2002 SCHEDULING ORDER

The parties to the above-captioned action, through counsel, hereby stipulate that the deadlines set forth in the Court's September 12, 2002 Scheduling Order shall be suspended until such a date that the parties have had a reasonable amount of time to complete discovery, pending further Order of the Court.

_____   _____
Mitchell A. Kramer       Silvia Adriana LeBlanc
KRAMER & KRAMER, LLP    PEPPER HAMILTON LLP
1077 Rydal Road       3000 Two Logan Square
Suite 100         Eighteenth & Arch Streets
Rydal, PA 19046-1712     Philadelphia, PA 19103-2799
Attorney for Plaintiff      Attorney for Defendant

Approved this _____ day of _____, 2003

          BY THE COURT:

         _____
                 J.

### PLAINTIFF'S EXHIBIT 1

FEB-26-2003 16:43   PEPPER HAMILTON LLP     2159814?50   P.02,/@@

## Pepper Hamilton LLP

Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

215.981.4596

leblancs@pepperlaw.com

February 26, 2003

**Via Facsimile**

Mitchell A. Kramer, Esquire
1077 Rydal Road
Suite 100
Rydal, Pennsylvania 19046

Re: **Lynx Associates, Inc. v. ASG Consultants, Ltd.**
**Civil Action No. 02-2741**

Dear Mr. Kramer:

Thank you for taking the time to speak with me this afternoon. I will revisit with my client the possibility of settlement.

This letter confirms our agreement that ASG Consultants, Ltd.'s responses to Plaintiff s Requests for Admission and Plaintiff s Interrogatories and Request for Production of Documents will be considered timely if served to you within two days, or more specifically, by Friday, February 28, 2003. Please let me know as soon as possible if my understanding is incorrect.

Again, thank you for your courtesies in this matter,

Sincerely,

Silvia Adriana LeBlanc

cc:  Laurence Z. Shiekman, Esquire

**PLAINTIFF'S EXHIBIT 2**

8

March 11, 2003

**SENT VIA FACSIMILE 215-981-4750**

Silvia Adriana LeBlanc, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

                    RE:    **LYNX ASSOCIATES, INC. v. ASG CONSULTANTS, LTD.**
                           **CIVIL ACTION NO: 02-2741**

Dear Ms. LeBlanc:

        This letter confirms that in our conversation today, you agreed to produce, in writing, any amended responses and/or additional documents in relation to plaintiff's First Set of Interrogatories and Request for Document Production by 10 a.m. tomorrow morning, in an effort to try and resolve the discovery disputes in this case.

        If we find that defendant's amended responses, if produced, to plaintiff's First Set of Interrogatories and Request for Document Production are still insufficient in response to plaintiff's discovery requests at 10 a.m. tomorrow, we will have no choice but to file a Motion to Compel Discovery, as the discovery deadline in this case is March 17, 2003.


                    Sincerely,



                    Nancy J. Lee


S:\Lynx\sl031103

**PLAINTIFF'S EXHIBIT 3**

9

10