IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC.<br>24 Cayuga Avenue<br>Oakland, NJ 07436-4026<br><br>        Plaintiff<br><br>        v.<br><br>ASG CONSULTANTS LTD.<br>36 Hett Creek Drive<br>Port Moody, B.C., Canada V3H427<br><br>        Defendant | Civil Action No. 02-CV-2741 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>**

Plaintiff, Lynx Associates, Inc., ("Lynx") seeks leave of this Court to amend its Complaint because on Wednesday, June 18, 2003, plaintiff learned at the deposition of the president and primary shareholder of ASG Consultants Ltd ("ASG"), Amar Grewal, facts indicating that Mr. Grewal and his wife, Kal, ignored corporate formalities and acted as ASG's alter egos.  Specifically, Mr. and Mrs. Grewal withdraw corporate funds for their personal use at their sole discretion without regard to corporate form.  Moreover, Lynx learned that ASG does not have a great deal of physical assets, so that allowing the Grewals to withdraw corporate funds without regard to ASG's debts and liabilities could work an injustice and thwart the public policy expressed in the Sales Representatives Laws that provide that sales agents like Lynx should receive their just commissions.  Therefore, Lynx respectfully moves this Court to allow it to amend its Complaint, in the form evidenced by Exhibit 1 attached to the Motion, to allege facts sufficient to "pierce the corporate veil" and hold Mr. and Mrs. Grewal liable along with

their alter ego ASG for ASG's failure to pay Lynx commissions.  This Motion is within the time contemplated by this Court when, on June 10, 2003, the Court ordered that, "Joinder of parties and amendments to pleadings shall be completed by July 1, 2003."

## FACTUAL BACKGROUND

Lynx originally brought this action against ASG Consultants Ltd ("ASG") because ASG breached its contract with Lynx and also violated numerous states' Sales Representatives Laws. The parties had a contract in which Lynx agreed to act as ASG's sales representative for its product "Repellex" in a territory that encompasses Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, North Carolina, Tennessee, West Virginia, Kentucky, Ohio, Indiana, Michigan, Wisconsin, Minnesota and Iowa.  After Lynx earned substantial commissions, ASG wrongfully terminated the contract and refused to pay the commissions already due and owing. ASG also refused to pay ongoing commissions mandated in the contract should that contract be terminated without cause.

On Wednesday June 18, 2003, Lynx's counsel deposed Amar Grewal, the president of ASG.  At that deposition, Mr. Grewal testified that either he or he and his wife, Kal, were the sole shareholders of ASG.[1]  He also testified that both he and his wife take money from ASG's corporate funds as they wish  for their personal use.  Further, he testified that ASG does not own its facility (the Grewals do, and they lease it to the corporation).  The description of the business

---

[1] The transcript of this deposition is not yet available.  The undersigned, Mitchell A. Kramer, attended the deposition and interrogated Mr. Grewal, and certifies that the representations in this Memorandum as to the contents of Mr. Grewal's testimony are accurate to the best of the undersigned's information and belief.

that Mr. Grewal gave in his testimony indicates that it does not have a great deal of equipment or inventory on hand. Therefore, ASG does not have substantial capital assets. The Grewals practice of taking corporate funds as they wish for their personal use could therefore strip ASG of assets quite quickly.

## **DISCUSSION**

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." In this matter, justice would be served by allowing amendment, as the facts recently uncovered suggest that the Grewals and ASG are alter egos. Not allowing Lynx to "pierce the corporate veil" would expose it to the very real possibility of a judgment against ASG, but with ASG not having sufficient assets to pay that judgment because those assets had been converted to the Grewals personal use. In addition, this amendment is timely, as this Court's Scheduling Order, dated June 10, 2003, contemplates that just such an amendment could take place now. That Order stated, "Joinder of parties and amendments to pleadings shall be completed by July 1, 2003." Moreover, Lynx has in no way delayed its request to amend its Complaint to address the Grewals use of ASG as their alter ego. After all, the deposition at which these facts were learned only took place days before the filing of this Motion.

As this Court stated a few years ago, courts should grant requests to amend liberally, and deny them only where there has been undue delay, bad faith, or where it would be prejudicial to the nonmoving party. *Phoenix Technologies, Inc. v. TRW, Inc.*, 154 F.R.D. 122 (E.D.Pa.1994) affirmed 43 F.3d 1462(3d Cir. 1994). Here, there has been no undue delay or bad faith. The evidence justifying, and indeed mandating, this amendment, only arose a few days before the date of this Motion, on June 18, 2003. It was only then that the plaintiffs learned that the

Grewals were using ASG as their alter ego, and that they used corporate funds at will for personal uses which could of course jeopardize the availability of assets for ASG to pay its debts to Lynx. On the other hand, there will be no unfair prejudice to ASG or to its shareholders, the Grewals. For instance, the Grewals cannot be surprised by this lawsuit. They are the only shareholders of the current defendant. They have been previously identified in ASG's Initial Disclosures as persons with knowledge about this action. Mr. Grewal already has been deposed. In fact, since he has been deposed already, it is clear that the new "veil-piercing" allegations will not delay the trial of this matter. Actually, much of the proof needed to pierce the corporate veil already has been made a part of this case in discovery when Mr. Grewal testified at his deposition.

     The addition of new parties, when these parties are closely related to one already in the case and when they clearly have notice of the pending claims, should give this Court no pause. For example, Judge Pollak, in *Taliferro v. Costello,* 467 F.Supp. 33 (E.D.Pa.1979), allowed a civil rights plaintiff to amend his complaint, originally brought against a Philadelphia deputy sheriff for allegedly trespassing on his property and using illegal force on him in attempt to serve papers on him, to amend his complaint to join the city of Philadelphia as well, and allowed that amendment even though it was brought well after the passage of the original statute of limitations period. Judge Pollak relied on the rule that amendments should be liberally granted and a factor very much present here, that the newly named defendants always knew of and participated in the defense of the lawsuit in question. As the Grewals are ASG's only shareholders and Mr. Grewal is its president, clearly they have known of and participated in the defense of this action from its inception.

4

## **CONCLUSION**

Unless Lynx is allowed to amend its Complaint, there is a real chance that substantial justice will be denied. As there has been no undue delay, no bad faith by plaintiff and no surprise to defendants, new and old, there is no reason to deny Lynx leave to make the proposed amendment. Therefore, this Court should grant plaintiff's Motion and give it leave to amend its Complaint.

DATED: June 27, 2003					Respectfully submitted,

								Kramer & Kramer, LLP

							By:_____
								Mitchell A. Kramer
								Barbara H. Kramer
								John R. Prince
								1077 Rydal Road, Suite 100
								Rydal, PA 19046
								(215) 887-9030

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. <br> 24 Cayuga Avenue <br> Oakland, NJ 07436-4026 <br>       Plaintiff <br> <br> v. <br> <br> ASG CONSULTANTS LTD. <br> 36 Hett Creek Drive <br> Port Moody, B.C., Canada V3H427 <br>       Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 02-CV-2741 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiff, Lynx Associates, Inc. ("Lynx"), respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend its Complaint, for all the reasons stated in the supporting Memorandum of Law. A true and correct copy of the proposed Amended Complaint is attached hereto and made part hereof as Exhibit 1.

DATED: June 27, 2003                           Respectfully submitted,

                                                              Kramer & Kramer, LLP


                                  By:_____

                                        Mitchell A. Kramer
                                        Barbara H. Kramer
                                        John R. Prince
                                        1077 Rydal Road, Suite 100
                                        Rydal, PA 19046
                                        (215) 887-9030

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. <br> 24 Cayuga Avenue <br> Oakland, NJ 07436-4026 <br>     Plaintiff <br><br> v. <br><br> ASG CONSULTANTS LTD. <br> 36 Hett Creek Drive <br> Port Moody, B.C., Canada V3H427 <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 02-CV-2741 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

AND NOW, this     day of     , 2003, upon consideration of plaintiff Lynx Associates, Inc.'s Motion for Leave to Amend the Complaint and all responses thereto, it is hereby ORDERED that the Motion is GRANTED, and plaintiff is granted leave to file and serve the Amended Complaint in the same form as the proposed Amended Complaint attached as Exhibit 1 to plaintiff's Motion.

BY THE COURT:

_____
Kauffman, J.

## CERTIFICATE OF SERVICE

I, Mitchell A. Kramer, attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of Plaintiff's Motion For Leave to Amend the Complaint via facsimile on counsel for defendant as follows:

>Silvia Adriana LeBlanc, Esquire
>Pepper Hamilton LLP
>3000 Two Logan Square
>Eighteenth & Arch Streets
>Philadelphia, PA 19103-2799
>Facsimile No. 215-981-4750

>_____
>Mitchell A. Kramer
>KRAMER & KRAMER, LLP
>Attorney for Plaintiff

Dated: June 27, 2003