IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                        :
LYNX ASSOCIATES, INC.,                  :
                                        :        Civil Action No. 02-CV-2741
          v.                            :
                                        :
ASG CONSULTANTS, LTD.                   :
_____ :

## **ORDER**

AND NOW, this ____ day of _____, 2003, upon consideration of Plaintiff's Motion for Leave to Amend Complaint, and Defendant's response thereto, it is hereby ORDERED and DECREED that said Motion for Leave to Amend Complaint is DENIED.


_____
Honorable Bruce W. Kauffman, U.S.D.J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

|                                          |   |                          |
|------------------------------------------|---|--------------------------|
|                                          | : |                          |
| LYNX ASSOCIATES, INC.,                   | : |                          |
|                                          | : | Civil Action No. 02-CV-2741 |
| v.                                       | : |                          |
|                                          | : |                          |
| ASG CONSULTANTS, LTD.                    | : |                          |
|                                          | : |                          |

---

**DEFENDANT ASG CONSULTANTS, LTD.'S
MEMORANDUM OF LAW IN RESPONSE
TO MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, ASG Consultants, Ltd. ("ASG"), files this Memorandum of Law in response
to Plaintiff, Lynx Associates, Inc.'s ("Lynx") Motion to Amend Complaint to add as defendants
ASG's principals, Amar and Kal Grewal (collectively, "the Grewals").  For the reasons
discussed below, the amendment should not be permitted, and the Motion should be denied.

**I.      INTRODUCTION**

Lynx is attempting, nearly on the eve of trial, to raise the stakes in this litigation by suing
the principals of ASG in connection with a written contract to which the principals are neither
parties nor guarantors.  Instead, Lynx purports to state a claim for "piercing ASG's corporate
veil" based on a few stray, inconsequential comments in Amar Grewal's deposition.  Lynx's
Motion to add the Grewals as defendants should be denied for three reasons.  First, neither
Lynx's Motion nor the allegations in the attached proposed Amended Complaint state a cause of
action for piercing the corporate veil.  The law concerning piercing the corporate veil is quite
clear that a court should only pierce the corporate veil under highly unusual circumstances.  The
entirely unremarkable discovery that ASG, a closely-held corporation, distributes earnings to its

principals from time to time hardly amounts to a justification for piercing the corporate veil under applicable law.

Second, neither the Motion nor Lynx's proposed amended Complaint explains the basis for the Court to exercise personal jurisdiction over the Grewals. The Grewals reside in British Columbia, Canada. They have no connection to this forum, except that ASG happens to be party to litigation in the Commonwealth of Pennsylvania. Their supposed personal misdeeds, drawing funds from the business they own, did not occur in Pennsylvania, nor do any other allegations in the Complaint against the Grewals relate in any way to Pennsylvania. The Grewals should not be expected to be hailed into court here, and doing so would violate traditional notions of fair play and substantial justice.

Finally, this Motion to Amend is untimely. Discovery in this case ends in a month, on August 11, 2003. The factual support for Lynx's claim, if allowed, would be subject to discovery, likely further delaying the adjudication of this action. Put simply, Lynx has waited too long to amend its Complaint.

For all of these reasons, Lynx's Motion to Amend should be denied.

## II.  <u>ARGUMENT</u>

Lynx has requested that the Court permit it to amend the Complaint pursuant to Rule 15(a). Since Lynx has failed to satisfy the deadlines prescribed under that Rule, the Court has discretion to determine whether, in the interests of justice, Lynx should be permitted to amend the Complaint. The Third Circuit has recently held that no amendment to a pleading is appropriate when the amendment would be "futile." *In Re NAHC*, *Inc. Securities Litigation*, 306 F.3d 1314, 1332 (3d Cir. 2002). The court further explained, "an amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted."

*Id.* Here the proposed amendment should not be permitted because it could not survive a motion

to dismiss: no claim against the Grewals has been stated upon which relief can be granted; and

the Court lacks personal jurisdiction over the Grewals.

### A.    PLAINTIFF HAS NOT STATED A BASIS FOR PIERCING THE CORPORATE VEIL.

Combining the factual allegations of its Motion and the proposed amended Complaint,

Lynx's purported basis for seeking to pierce the corporate veil is, *in toto*, the following: (1) Mr.

Grewal or he and Mrs. Grewal are the sole shareholders of ASG and control its affairs; (2) the

Grewals "take money from ASG's corporate funds as they wish for personal use," and Mrs.

Grewal does not draw a salary from ASG; (3) ASG leases its facility from the Grewals; (4) ASG

does not have a great deal of equipment or inventory; and (5) the Grewals *could* strip ASG of its

assets quite quickly. *See* Motion at 2-3; Proposed Amended Complaint at 3.[1]  Even if all of these

facts could be proved, Lynx has not come close to stating a claim for piercing the corporate veil.

"[T]here is a strong presumption in Pennsylvania against piercing the corporate veil."

*Lumax Industries, Inc. v. Mary Carol Aultman*, 543 Pa. 38, 669 A.2d 893 (1995).  *See also E-*

*Time System, Inc. v. VoiceStream Wireless Corp.*, Civ. A. No. 01-5754 (E.D. Pa. Aug. 19, 2002)

("Pennsylvania law . . . features a strong presumption against the propriety of piercing the

corporate veil.").  "Care should be taken on all occasions to avoid making the entire theory of

corporate entity useless." *Lumax* (*citing Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967)).  In

this case, Lynx seeks to pierce the corporate veil because the Grewals, ASG's sole shareholders,

draw money from the corporation.  That is hardly an extraordinary occurrence in the realm of

corporate governance.  Indeed, the corporate form in Pennsylvania would be seriously

---

[1]    Notably, all of the allegations concerning the purported "alter ego" status of the Grewals are based on Plaintiff's counsel's selective recollection of the deposition of Mr. Grewal.  Apparently, Plaintiff did not attempt to obtain a transcript of the deposition in advance of filing the Motion (nine days after the deposition took place).  The Court is therefore unable to determine the accuracy of any of these allegations.

undermined if it could be ignored merely because a company's shareholders "tak[e company]
funds for their personal use."  Proposed Amended Complaint ¶ 15.

In *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1521 (3d Cir. 1994), the Third
Circuit set forth the demanding criteria for piercing the corporate veil.  The court explained that
"generally a shareholder is not personally liable to perform corporate obligations.  The corporate
veil is pierced *only when the corporation was an artifice and a sham to execute illegitimate*
*purposes* and an abuse of the corporate fiction and immunity that it carries."  (emphasis added)
(citations omitted).  *See also In Re Blatstein*, 226 B.R. 140 (E.D. Pa. 1998) (Kauffman, J.) (*citing*
*Kaplan)*, *rev'd on other grounds*, 192 F.3d 88 (3d Cir. 1999). Lynx has argued and pled nothing
of the kind; it has merely alleged that the Grewals took money from the corporation.  There is no
assertion, nor is there any evidence, that the Grewals took money from the corporation for any
illicit motive.  Nor has Lynx alleged that the corporation has been transformed into an "artifice
and a sham"; drawing funds from one's own company, without more, hardly is sufficient to
render the corporate form spurious.

In *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 334 n.7 (3d Cir. 2000),
the court further outlined the factors for piercing the corporate veil based on an alleged "alter
ego" theory, the notion that Lynx has proffered here.  Those factors include:

> [t]he failure to observe corporate formalities; non-payment of dividends;
> insolvency of debtor corporation; siphoning the funds from corporation by
> dominant shareholders; non-functioning of other officers and directors;
> absence of corporate records; whether the corporation is a mere façade for
> the operations of a common shareholder or shareholders; and gross
> undercapitalization.

*Id.  See also In Re Blatstein*, 226 B.R. 140 (same).  And, as the *First Options* court noted, the
standard is even more difficult than it appears at first blush:

> Not every disregard of corporate formalities or failure to maintain corporate records justifies piercing the corporate veil. The remedy is available only if it is also shown that a corporation's affairs and personnel were manipulated *to such an extent that it became nothing more than a sham used to disguise the alter ego's use of its assets for his own benefit in fraud of its creditors.* In short, the evidence must show that the corporation's owners abused the legal separation of a corporation from its owners and used to corporation for illegitimate purposes.

*First Options*, 19 F.3d at 1522 (emphasis added). In other words, Lynx can only pierce the corporate veil if it can show that it is part of an active scheme by ASG to defraud creditors or that the corporate form was an utter sham.[2] The proposed amended Complaint makes no such allegations. Instead, it merely states that ASG has few assets, that the Grewals draw money from ASG, and that they *could* abuse the corporate form because they are the sole shareholders of the company. Virtually none of the factors set forth in *Mahan* or *First Options* has been satisfied, or even alleged.

For instance, in *First Options*, the plaintiff attempted to pierce the corporate veil against the president of the defendant corporation, who had, on occasion, withdrawn funds for personal use without observing corporate formalities. The Third Circuit declined, however, to pierce the veil because "none of these withdrawals appear to have affected MKI's solvency or to have been made when it was insolvent. This record does not clearly and convincingly show that MKI was a sham Mr. Kaplan manipulated in fraud of its creditors." *First Options*, 19 F.3d at 1523. Lynx has not alleged that the Goutals' withdrawals have affected ASG's solvency or have been made for the purpose of defrauding creditors, nor can they. *See also Wheeling-Pittsburgh Steel Corp. v. Intersteel, Inc.*, 758 F.Supp. 1054, 1059 (W.D. Pa. 1990) (holding that the corporate

---

[2]    Indeed, if Plaintiff does allege that someone the Goutals' withdrawals of funds from ASG were made for the purpose of defrauding creditors, the proposed amended Complaint must fail on the additional grounds that it fails to plead fraud with specificity pursuant to Federal Rule of Civil Procedure 9(b). Not only has Plaintiff failed to plead fraud with specificity, it has actually failed to plead any elements of fraud, rendering yet more obvious the inappropriateness of veil-piercing in this case.

shareholders could not be held liable under an alter ego theory even though it was "undisputed that the Liptons used the advance accounts for various personal uses.").

Finally, Lynx claims that there is a danger that it will be unable to see a judgment satisfied against ASG because "ASG's assets [are] vulnerable to being stripped" in light of the Grewals control over the company. Complaint ¶ 15. Lynx cannot pierce the corporate veil merely because, by virtue of their sole control over the company, the Grewals *could* transfer the company's assets. Were it possible to pierce the corporate veil under those circumstances, a substantial portion of closely-held corporation would be eligible for veil-piercing. *See Arch v. American Tobacco Co.*, 984 F.Supp. 830 (E.D. Pa. 1997) (holding that "the possibility that a plaintiff may have difficulty enforcing a judgment against a defendant is not enough to justify piercing the corporate veil."); *Garcia v. Adventure Knits, Inc.*, Civ. A. 87-4037, 1989 U.S. Dist. LEXIS 1844 (E.D. Pa. Feb. 23, 1989) at * 8 ("*The lack of a viable entity from which to recover for tort injuries does not constitute the type of injustice necessary to pierce the corporate veil.")* (*citing* Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 150 (3d Cir. 1988)). *See also Nowicki v. United Timber Co.*, Civ. A. No. 99-257, 2000 U.S. Dist. LEXIS 12580 at *25 ("I will not disregard the corporate form of United Timber merely because Pomeroy was United Timber's sole shareholder."). In light of Pennsylvania's overwhelming reluctance to piercing the corporate veil, Lynx's allegations fall far short. Thus, amending the Complaint would be "futile," and the Motion should be denied.

### B. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE GREWALS.

The proposed amended Complaint makes no allegations in support of personal jurisdiction over the Grewals. The Complaint alleges that Lynx "sold defendant ASG's products

in this judicial district and conducts a substantial volume of business in this judicial district."  It makes no jurisdictional allegations concerning the Grewals.

Thus, assuming all facts in the proposed Complaint to be true, the Grewals, residents of British Columbia, Canada, drew funds from a corporation that does business in this judicial district.  "[T]he plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction."  *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, No. 01-4386, 2003 U.S. App. LEXIS 9875 (3d Cir. May 21, 2003) *13.  Lynx has alleged virtually no such facts.  "Ultimately, the existence of minimum contacts turns on the presence or absence of intentional acts of the defendant to avail itself of some benefit of a forum state."  *Id.* at *16 (citations omitted).  Moreover, "jurisdiction over [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in" Pennsylvania.  *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000) (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984)).

Here, the Grewals did not avail themselves of any benefits of the Commonwealth of Pennsylvania, except to the extent that they directed ASG to do business here.  And the proposed amended Complaint does not even allege to the contrary.  That is insufficient to establish personal jurisdiction over these individual Canadian residents.  Drawing funds from one's corporation, which does business throughout the United States, does not make one amenable to personal jurisdiction throughout the United States whenever the company is involved in a business dispute.  The Grewals cannot reasonably be expected to be hailed into Court in Pennsylvania merely because their company has done business here.  The proposed amended Complaint therefore fails.

### C.    THE MOTION TO AMEND HAS BEEN FILED TOO LATE.

Discovery in this action closes next month, on August 11, 2003.  Lynx seeks to amend the Complaint at this late date because of the revelations that the owners of the Defendant business draw money from the business, and that the business does not have substantial assets. Those discoveries are neither surprising nor legally relevant to these proceedings.  Lynx does not have an automatic right to amend the Complaint, and it has shown no basis for the Court to grant leave to amend at this late date.  Were this Motion granted, Defendant would have virtually no opportunity to take discovery concerning Lynx's foundation for its allegations relating to the bogus claim that the Grewals are an alter ego of ASG.  Lynx's Complaint in this matter was filed on June 26, 2002, more than a year ago.  It is simply too late for Lynx to raise the ante.

## III.    CONCLUSION

For all of the foregoing reasons, Lynx's Motion to Amend Complaint should be denied.

Respectfully submitted,

_____
Robert B. Bodzin
Eric J. Schreiner
Judd A. Serotta
KLEINBARD, BELL & BRECKER LLP
1900 Market Street; Suite 700
Philadelphia, PA  19103
215-568-2000

Attorneys for Defendant
ASG Consultants, Ltd.

Dated:  July 11, 2003

## <u>CERTIFICATE OF SERVICE</u>

I, Judd A. Serotta, Esquire, hereby certify that I caused a true and correct copy of the foregoing Response to Motion to Amend Complaint to be served on the following by facsimile on counsel for Plaintiff as follows:

> Mitchell A. Kramer, Esquire
> Kramer & Kramer LLP
> 1077 Rydal Road, Suite 100
> Rydal, PA  19046

_____
Judd A. Serotta, Esquire

Dated:  July 11, 2003