IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 02-CV-2741 |
| ) | |
| ASG CONSULTANTS LTD. ) | |
| ) | |
| Defendant ) | |

**MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Plaintiff, Lynx Associates, Inc. ("Lynx"), respectfully moves this Court pursuant to Federal Rule of Civil Procedure 37) to compel defendant, ASG Consultants Ltd., to produce Amar and Kal Grewal for depositions, as well as for leave of this Court to take those depositions after the expiration of the discovery deadline imposed by this Court, and for appropriate sanctions, for all the reasons stated in the supporting Memorandum of Law.

                                                  Respectfully submitted,

                                                  KRAMER & KRAMER, LLP

                                                  By:_____
                                                     Mitchell A. Kramer
                                                     Barbara H. Kramer
                                                     1077 Rydal Road, Suite 100
                                                     Rydal, PA 19046

Dated: August 20, 2003                        (215) 887-9030

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LYNX ASSOCIATES, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 02-CV-2741 |
| ) | |
| ASG CONSULTANTS LTD. ) | |
| ) | |
| Defendant ) | |

**<u>ORDER</u>**

  AND NOW, this _____ day of _____, 2003, upon consideration of plaintiff's motion to compel attendance at depositions and all responses thereto, it is hereby ORDERED that the motion is GRANTED, and it is further ORDERED that

  1) defendant ASG Consultants Ltd. will produce Amar and Kal Grewal for deposition at the offices of plaintiff's counsel as soon as is practicable, but in no event more than ten (10) days from the date of this Order;

  2) the parties are given leave for these depositions to take place despite this Court's previous Scheduling Order; and

3) plaintiff will submit an affidavit of its fees and expenses incurred in preparing the aforementioned motion and obtaining the aforementioned depositions for the Court's review, after which the Court shall provide defendant ASG Consultants Ltd. an opportunity to be heard on the issue of the amount of counsel fees and costs to be awarded to plaintiff.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT Kauffman, J.
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. ) ) Plaintiff ) ) v, ) ASG CONSULTANTS LTD. ) ) Defendant ) | Civil Action No. 02-CV-2741 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO COMPEL ATTENDANCE AT DEPOSITION</u>**

Although this Court recently allowed plaintiff, Lynx Associates, Inc., to allege that Amar and Kal Grewal are defendant ASG Consultants, Ltd.'s alter egos, ASG has refused to allow Lynx to depose ASG's most knowledgeable employees concerning that topic– the Grewals themselves. When served with proper notices of deposition, setting forth a date for those depositions that was within the time for discovery established by this Court's Scheduling Order, ASG simply refused to produce these key employees. Because of ASG's act of contempt, Lynx is forced to move this Court for an Order requiring ASG to produce its key employees for deposition, upon pain of contempt sanctions, and to allow for the taking of these depositions after the discovery deadline.

**<u>Factual Background</u>**

Lynx first brought this action against ASG Consultants Ltd ("ASG") alleging that ASG breached its contract with Lynx and also violated numerous states' Sales Representatives Laws.

The parties had a contract in which Lynx agreed to act as ASG's sales representative for its product "Repellex" in a territory that encompasses Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, North Carolina, Tennessee, West Virginia, Kentucky, Ohio, Indiana, Michigan, Wisconsin, Minnesota and Iowa.  After Lynx earned substantial commissions, ASG wrongfully terminated the contract and refused to pay the commissions already due and owing.  ASG also refused to pay ongoing commissions mandated in the contract should that contract be terminated without cause.

On Wednesday June 18, 2003, Lynx's counsel deposed Amar Grewal, the president of ASG, as ASG's corporate designee under Federal Rule of Civil Procedure 30(b)(6).  At that deposition, Mr. Grewal testified that he was the sole director of ASG. (Amar Grewal's deposition at 41).   He also testified that both he and his wife take money from ASG's corporate funds as they wish for their personal use. (Amar Grewal's deposition at 40 - 41).   Further, he testified that ASG does not own its facility.  Rather, the Grewals do, and they lease it to the corporation.  (*Id.* at 38).  The description of the business that Mr. Grewal gave in his testimony indicates that it does not have a great deal of equipment or inventory on hand.  Therefore, ASG does not have substantial capital assets.  The Grewals practice of taking corporate funds as they wish for their personal use could therefore strip ASG of assets quite quickly.

Despite being the person designated as "most knowledgeable" about corporate affairs, Amar Grewal on critical points to his wife, Kal Grewal, and her knowledge of corporate affairs.   When asked about specific payments, for instance, he stated that "Unfortunately, I don't know because she [Kal Grewal] does the checks.  I have to be honest."  *See* Amar Grewal's deposition transcript at 42.

Thus, to learn the complete picture of ASG's operations to which Lynx is entitled, Lynx must depose the person Amar Grewal identified as "most knowledgeable"– his wife and fellow key employee, Kal Grewal.

After Mr. Grewal's 30(b)(6) deposition, however, and the new discoveries made about the nature of ASG and the Grewals acting as each others' alter egos, Lynx filed a motion for leave to amend its complaint to allege that the Grewals are in fact ASG's alter egos, and joining them as individual defendants. The Court granted that motion on August 1, 2003. With a discovery deadline of August 11, 2003 looming, Lynx promptly noticed the depositions of the Grewals because they are the persons within defendant ASG's corporate management most knowledgeable about the facts related to the new allegations concerning ASG (that is, that its corporate veil must be pierced). *See* the copies of those notices of deposition attached and made a part of the motion to compel as Exhibit 1.

ASG's counsel refused to produce its employees, so stating in a letter dated August 4, 2003. *See* the copy of that letter attached and made a part of the motion to compel as Exhibit 2. Counsel for Lynx responded on August 5, 2003, explaining the need to depose the Grewals. *See* the copy of that letter attached and made a part of the motion to compel as Exhibit 3. Counsel for ASG continued to refuse to produce ASG's key employees on this matter, by letter of August 7, 2003. *See* the copy of that letter attached and made a part of the motion to compel as Exhibit 4. Therefore, Lynx was not allowed to depose ASG's most knowledgeable employees about these new areas relating to ASG's actions or omissions in maintaining corporate formalities before the close of discovery on August 11, 2003.

## Discussion

This Court's recent order allowing the plaintiff to file an amended complaint alleging that Amar and Kal Grewal are ASG's alter egos puts the issues of ASG's financial and other dealings with the Grewals squarely into this case. Faced with a deadline for discovery to close of August 11, 2003, Lynx noticed the depositions of ASG's most knowledgeable management employees concerning these dealings for August 8, 2003. ASG's refusal to produce its employees or to offer an alternative, including seeking this Court's permission to depose these ASG employees after August 11, is simply an inexcusable refusal to participate in legitimate discovery.

ASG's counsel originally objected to these depositions as directed against the Grewals as individuals, not to ASG, at a time when ASG's counsel was unaware that the Court had allowed the Grewals to be named as parties. *See* Exhibit 2. (Of course, now the Grewals are named parties). This discovery is certainly properly obtained ASG, not just from the Grewals. There are two sides to the "alter ego" relationship between ASG and the Grewals. It is ASG's corporate accounts that Amar Grewal testified flows freely into the hands of the Grewals.

Moreover, as far as the disposition of ASG's corporate funds are concerned, Amar Grewal already has deferred to Kal Grewal, his wife, as the person most knowledgeable about these corporate affairs. For instance, at his deposition as ASG's corporate designee, Amar Grewal testified when asked about specific payments that, "Unfortunately, I don't know because she [Kal Grewal] does the checks. I have to be honest." *See* Amar Grewal's deposition transcript at 42. Thus, to learn the complete picture of ASG's operations to which Lynx is entitled, and was entitled to learn through its deposition under Fed. R.Civ. P. 30(b)(6), Lynx must depose the person Amar Grewal identified as "most knowledgeable"– his wife and fellow key employee, Kal Grewal.

Although ASG's payments to and other dealings with the Grewals are relevant to this case, and the Grewals are ASG's key employees with information on these dealings, ASG also has excused its refusal to produce these key employees because ASG's counsel intends to file a motion to dismiss claims against the Grewals for lack of personal jurisdiction. *See* Exhibit 4. That excuse shows that there is no valid reason not to produce the Grewals. First, ASG already raised the issue of personal jurisdiction, and this Court properly rejected it, in rejecting ASG's opposition to the motion for leave to amend the complaint. *See* Lynx's reply memorandum in support of that motion, at 5-6:

> A court that has jurisdiction over a corporation has jurisdiction over its alter ego as well. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 648-649 (8th Cir. 2003). *See also*, *S.E.C. v. Montle*, 65 Fed.Appx. 749 (2d Cir. 2003) (If personal jurisdiction exists over an individual, personal jurisdiction exists also over his or her corporate alter ego).

Second, even if there were an open question about jurisdiction over the Grewals, ASG raises no question about the new substantive allegations against it being well-pleaded. ASG is already in the case, these new allegations are in the case, and the Grewals are the key management employees with the necessary information about these allegations.

Despite receipt of valid notices of deposition for these key management employees, ASG did not seek a protective order from this Court. Now, the discovery deadline of August 11, 2003 has expired, and these depositions will require this Court's leave to be taken because of ASG's refusal to abide by the rules of this Court. Therefore, pursuant to Federal Rule of Civil Procedure 37, Lynx seeks the following relief from this Court:

a) an order compelling the prompt appearance of ASG's key employees, Amar and Kal Grewal;

8

  b) leave to take these depositions beyond the Court's discovery deadline; and

  c) appropriate sanctions against ASG for its failure to comply with the scheduling order. The sanctions should include attorneys' fees. *See* Federal Rule of Civil Procedure 37(a)(4)(A)("the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees....").

  The time for trial of this action is fast approaching, and the Court should not allow further delay. ASG should produce Amar and Kal Grewal for deposition promptly, and these witnesses should bring the documents listed in the notice of deposition with them. If defendant ASG will simply comply with the rules of this Court, this case will be ready for an expeditious trial and prompt resolution.

**Conclusion**

Lynx is entitled to the discovery it seeks in the form of depositions of ASG's key employees, Amar and Kal Grewal, themselves parties to this action. This discovery was sought in a timely fashion and there is no basis for ASG to refuse to produce these witnesses. Therefore, Lynx respectfully moves this Court to order that these depositions take place promptly.

DATED: August 20, 2003                    Respectfully submitted,

                                                  Kramer & Kramer, LLP

                              By:_____
                                    Mitchell A. Kramer
                                    Barbara H. Kramer
                                    1077 Rydal Road, Suite 100
                                    Rydal, PA 19046
                                    (215) 887-9030

## CERTIFICATE OF SERVICE

I, Mitchell A. Kramer, attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of Plaintiff's Motion To Compel Attendance At Deposition via facsimile on counsel for defendant as follows:

>Robert B. Bodzin, Esquire
>Kleinbard Bell & Brecker LLP
>1900 Market Street
>Suite 700
>Philadelphia, Pennsylvania 19103

                                                _____
                                                Mitchell A. Kramer
                                                KRAMER & KRAMER, LLP
                                                Attorney for Plaintiff

Dated: August 20, 2003

## CERTIFICATE OF EFFORT TO RESOLVE DISCOVERY DISPUTE

I hereby certify that, as evidenced by the exhibits attached to the motion to compel, I attempted to resolve this dispute over the need to produce witnesses for deposition before the close of discovery in this matter, but those efforts were unsuccessful.

                                                                _____
                                                                Mitchell A. Kramer
                                                                **KRAMER & KRAMER, LLP**
                                                                Attorney for Plaintiff

Dated: August 20, 2003