IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., <br><br> v. <br><br> ASG CONSULTANTS, LTD., et al. | Civil Action No. 02-CV-2741 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants ASG Consultants Ltd. ("ASG"), Amar Grewal and Kal Grewal (collectively "Defendants"), through their undersigned counsel, hereby respond to Plaintiff Lynx Associates, Inc.'s ("Plaintiff") First Amended Complaint. All averments of the First Amended Complaint not specifically admitted or denied below are hereby denied. In response to the averments contained in the individually numbered paragraphs of the First Amended Complaint, Defendants further state as follows:

**NATURE OF THE CASE**

1.      Defendants admit only that ASG and Plaintiff entered into a "Sales Agency Agreement" (the "Agreement") dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments in paragraph 1 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

2.      The averments of paragraph 2 constitute legal conclusions to which no responsive pleading is required.

3.      Defendants admit only that Amar Grewal is a shareholder of ASG. Defendants deny that Kal Grewal is a shareholder of ASG. The remaining averments of paragraph 3 constitute legal conclusions to which no responsive pleading is required.

## JURISDICTION AND VENUE

4. Defendants admit only that Plaintiff purports to invoke the jurisdiction of this Court pursuant to the statute set forth in paragraph 4. The remaining averments of paragraph 4 constitute legal conclusions to which no responsive pleading is required.

5. Defendants admit only that Plaintiff purports to invoke venue in the Eastern District of Pennsylvania pursuant to the statute set forth in paragraph 5. The remaining averments of paragraph 5 constitute legal conclusions to which no responsive pleading is required.

## PARTIES

6. Defendants admit the averments of paragraph 6.

7. Defendants admit the averments of paragraph 7.

8. Defendants admit only that Amar and Kal Grewal reside in British Columbia, Canada, they are husband and wife, and Amar Grewal is a shareholder of ASG. Defendants deny that Kal Grewal is a shareholder of ASG. The remaining averments of paragraph 8 constitute legal conclusions to which no responsive pleading is required.

## FACTUAL ALLEGATIONS

9. Defendants admit the averments of paragraph 9.

10. Defendants admit only that Amar Grewal is a shareholder of ASG. Defendants deny that Kal Grewal is a shareholder of ASG. The remaining averments of paragraph 10 constitute legal conclusions to which no responsive pleading is required.

11. Defendants admit only that Amar and Kal Grewal own one facility at which ASG's business is done, which they lease to ASG, and that they own their home, where some ASG business is conducted. Defendants deny that the Amar and Kal Grewal own all facilities at which ASG business is conducted.

12. Defendants deny the averments of paragraph 12.

13. Defendants admit only that Amar Grewal periodically took salary draws from ASG's corporate funds. Defendants deny the remaining averments of paragraph 13.

14. Defendants admit only that ASG does not own any of the facilities at which it conducts its business. The remaining averments of paragraph 14 are denied.

15. The averments of paragraph 15 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 15 are denied.

16. The averments of paragraph 16 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 16 are denied.

17. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, therefore, they are denied and strict proof thereof is demanded at the time of trial.

## ASG-LYNX CONTRACT

18. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998.

19. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments in paragraph 19 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

20. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments

in paragraph 20 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

21. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, they are denied and strict proof thereof is demanded at the time of trial.

22. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments in paragraph 22 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

23. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments in paragraph 23 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

24. Defendants admit only that a letter was sent from Bilfield & Sandel Co., L.P.A. to Plaintiff dated September 28, 2001. The September 28, 2001 letter is a written document that speaks for itself and any averments in paragraph 24 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

25. Defendants admit only that a letter was sent from ASG to Plaintiff dated April 19, 2001. The April 19, 2001 letter is a written document that speaks for itself and any averments in paragraph 25 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied. In addition, the remaining averments of paragraph 25 constitute legal conclusions to which no responsive pleading is required and to the extent that a response is required, the remaining averments of paragraph 25 are denied.

26. Defendants admit only that paragraph 7.1 of the Agreement is entitled "For Cause Termination.". Paragraph 7.1 of the Agreement is a written document that speaks for itself and any averments in paragraph 26 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

27. The averments of paragraph 27 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 27 are denied.

28. Defendants admit only that ASG owes Plaintiff pre-termination commissions, the amount of which the parties dispute. The remaining averments of paragraph 28 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the remaining averments of paragraph 28 are denied.

## COUNT I

## BREACH OF CONTRACT

29. The answers to paragraphs 1 through 28 are incorporated by reference as if fully set forth at length herein.

30. The averments of paragraph 30 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 30 are denied.

31. The averments of paragraph 31 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 31 are denied.

32. The averments of paragraph 32 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 32 are denied.

## COUNT II

## BREACH OF CONTRACT

33. The answers to paragraphs 1 through 32 are incorporated by reference as if fully set forth at length herein.

34. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments in paragraph 34 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

35. Defendants admit only that ASG and Plaintiff entered into the Agreement dated August 1, 1998. The Agreement is a written document that speaks for itself and any averments in paragraph 35 that attempt to alter, amend, constrict, restate, and/or misstate the Agreement are denied.

36. The averments of paragraph 36 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 36 are denied.

37. The averments of paragraph 37 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 37 are denied.

## COUNT III

## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

38. The answers to paragraphs 1 through 37 are incorporated by reference as if fully set forth at length herein.

39.     The averments of paragraph 39 constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the averments of paragraph 39 are denied.

40.     Defendants deny the averments of paragraph 40.

41.     Defendants deny the averments of paragraph 41.

42.     The averments of paragraph 42 constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the averments of paragraph 42 are denied.

## COUNT IV

### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

43.     The answers to paragraphs 1 through 42 are incorporated by reference as if fully set forth at length herein.

44.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and, therefore, they are denied and strict proof thereof is demanded at the time of trial.

45.     Defendants admit only that Plaintiff entered into some business relationships with horticultural wholesalers and customers that purchased ASG's products through Plaintiff.  The remaining averments of paragraph 45 are denied.

46.     Defendants admit only that ASG knew that Plaintiff was a manufacturer's representative which purported to have contacts with wholesalers, dealers and distributors in the horticulture market and that the contacts Plaintiff purported to have could have been beneficial for both parties.  Defendants deny the remaining averments of paragraph 46.

47. The averments of paragraph 47 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 47 are denied.

48. The averments of paragraph 48 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 48 are denied.

### COUNT V

### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

49. The answers to paragraphs 1 through 48 are incorporated by reference as if fully set forth at length herein.

50. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, therefore, they are denied and strict proof thereof is demanded at the time of trial.

51. Defendants admit only that ASG knew that Plaintiff was a manufacturer's representative which purported to have contacts with wholesalers, dealers and distributors in the horticulture market and that the contacts Plaintiff purported to have could have been beneficial for both parties. Defendants deny the remaining averments of paragraph 51.

52. The averments of paragraph 52 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 52 are denied.

53. The averments of paragraph 53 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 53 are denied.

## COUNT VI

### VIOLATION OF THE NEW JERSEY SALES REPRESENTATIVES' RIGHTS LAW

54. The answers to paragraphs 1 through 53 are incorporated by reference as if fully set forth at length herein.

55. The averments of paragraph 55 constitute legal conclusions to which no responsive pleading is required.

56. The averments of paragraph 56 constitute legal conclusions to which no responsive pleading is required.

57. Defendants admit only that Plaintiff purports to rely upon the statute cited in this paragraph. The statute is a written document that speaks for itself and any averments in paragraph 57 that attempt to alter, amend, constrict, restate, and/or misstate the statute are denied.

58. The averments of paragraph 58 constitute legal conclusions to which no responsive pleading is required.

59. Defendants admit only that ASG owes Plaintiff pre-termination commissions, the amount of which the parties dispute. Defendants deny the remaining averments of paragraph 59.

60. The averments of paragraph 60 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 60 are denied.

## COUNT VII

### VIOLATION OF VARIOUS SALES REPRESENTATIVE'S LAWS

61. The answers to paragraphs 1 through 60 are incorporated by reference as if fully set forth at length herein.

62. Defendants admit only that ASG owes Plaintiff pre-termination commissions, the amount of which the parties dispute. The remaining averments of paragraph 62 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the remaining averments of paragraph 62 are denied.

63. The averments of paragraph 63 constitute legal conclusions to which no responsive pleading is required.

64. The averments of paragraph 64 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 64 are denied.

## COUNT VII

## BREACH OF CONTRACT

65. The answers to paragraphs 1 through 64 are incorporated by reference as if fully set forth at length herein.

66. Defendants admit only that ASG corresponded with Plaintiff regarding a proposed bonus commissions schedule, which was never agreed to by the parties. The remaining averments of paragraph 66 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the remaining averments of paragraph 66 are denied.

67. Defendants admit only that ASG has not paid bonus commissions as outlined in the proposed bonus commission correspondence because it was never obligated to do so. The remaining averments of paragraph 67 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the remaining averments of paragraph 67 are denied.

68. The averments of paragraph 68 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 68 are denied.

## COUNT IX

## PERSONAL LIABILITY OF DEFENDANTS AMAR AND KAL GREWAL

69. The answers to paragraphs 1 through 68 are incorporated by reference as if fully set forth at length herein.

70. The averments of paragraph 70 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 70 are denied.

71. Defendants admit only that Amar Grewal periodically takes salary draws from ASG's corporate funds. Defendants deny the remaining averments of paragraph 71.

72. The averments of paragraph 72 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 72 are denied.

73. The averments of paragraph 73 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 73 are denied.

74. Defendants admit only that Amar Grewal periodically takes salary draws from ASG's corporate funds. The remaining averments of paragraph 74 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the remaining averments of paragraph 74 are denied.

75. The averments of paragraph 75 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 75 are denied.

76. The averments of paragraph 76 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, the averments of paragraph 76 are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims pursuant to paragraph 6.2 of the Agreement are barred because ASG did not terminate the Agreement either "for cause" or "without cause." Prior to the end of the initial three-year term of the Agreement, ASG simply provided Plaintiff with notice that it would not renew the Agreement at the end of the initial three-year term and, therefore, the provisions of paragraph 6.2 relating to "without cause termination" were never triggered.

### THIRD DEFENSE

Plaintiff's claims pursuant to paragraph 6.2 of the Agreement are barred because paragraph 6.2 is vague and unenforceable.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because ASG's nonrenewal of the parties' agreement was justified, legitimate and for cause.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material breaches of the Agreement.

**SIXTH DEFENSE**

Plaintiff's claims pursuant to the Agreement are barred, in whole or in part, because they are unenforceable penalties.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish elements necessary to its claims.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants' actions were not the cause of any injury or damage suffered by Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's claims for damages are barred to the extent that Plaintiff has failed to mitigate the damages, if any, it may have suffered.

**TWELFTH DEFENSE**

Plaintiff's claims for multiple, punitive and/or exemplary damages are barred to the extent that the claimed damages are not authorized by governing law.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Kal Grewal are barred because she is not a shareholder, officer or director of ASG and she is not ASG's alter ego.

**FOURTEENTH DEFENSE**

Plaintiff's claims against Amar Grewal are barred because he is not ASG's alter ego.

**FIFTEENTH DEFENSE**

Plaintiff's claims against Amar and Kal Grewal are barred because the Court lacks personal jurisdiction over them.

**SIXTEENTH DEFENSE**

Plaintiff's claims against Amar and Kal Grewal are barred because there is no basis to pierce the corporate veil and hold them individually liable for damages, if any, that may be assessed against ASG.

**SEVENTEENTH DEFENSE**

Defendants reserve the right to raise additional and other defenses that may be established by discovery and the evidence in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff on all counts of Plaintiff's First Amended Complaint, and that Defendants be awarded their costs and attorneys' fees for this action, plus any other relief that the Court may deem just and equitable.

Respectfully submitted,

KLEINBARD, BELL & BRECKER LLP

_____
Robert B. Bodzin
Eric J. Schreiner
1900 Market Street, Suite 700
Philadelphia, PA  19103
(215) 568-2000

Dated:  August 22, 2003