IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 02-CV-2741 |
| ASG CONSULTANTS LTD. | ) |
| Defendant | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF IT'S
MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Plaintiff, Lynx Associates, Inc. ("Lynx"), which ASG Consultants, Inc. ("ASG") wrongfully terminated as the latter's sales representative, moved to compel the two individual defendants, Amar and Kal Grewal, to submit to depositions and to bring documents relevant to the matter with them.  Defendants, in opposing that motion as seeking "untimely" depositions, made statements that appear at best to be mistaken and which require correction.  While Lynx has no intention of repeating what it already has argued, it will correct some of defendants' erroneous assertions.  Lynx also must respond to the misleading claim that Amar Grewal "already was deposed" in this case, and the new suggestion that, if they are deposed, the Grewals should be deposed in British Columbia, Canada, not here.

**1.  The notices of deposition were timely**

First, it is both inconsistent and disingenuous of defendants to argue, on the one hand,

that the notices of deposition for Amar and Kal Grewal did not provide adequate notice, and on the other hand, that "[d]iscovery in this case has ended and the parties should proceed with their preparation for trial rather than seek continuing to seek additional discovery. *See* Defendants' Memorandum of Law at 1, where both assertions are made in the same paragraph. These assertions are inconsistent because the reason that the Grewals were given such short notice is that there was only a short time after the Court allowed them to be joined, by Order dated August 1, 2003, and the discovery cutoff of August 11, 2003. The depositions were noticed for August 8, 2003 (a Friday), in order to allow the most possible notice and at the same time to stay within the Court's deadlines. These assertions are disingenuous because the only reason that discovery must continue past the deadline is because defendants themselves refused to comply with the notices of deposition.

Defendants' memorandum of law is also misleading when it claims that plaintiff did not seek leave of this Court to extend the discovery deadline. It is true that plaintiff first made the effort to meet this Court's discovery deadline by noticing the depositions before August 11. It is also true, however, that in refusing to appear within this Court's time schedule, defendants themselves did not offer to appear at a later date, which could have allowed the parties to seek this Court's permission for a deposition outside the discovery schedule which both parties could have stipulated was acceptable to them. Rather, defendants consistently have claimed no intention to ever appear for depositions.

    **2. The document requests accompanying the notices were proper.**

Defendants' memorandum of law is misleading yet again when it asserts that plaintiff "seeks some documents that are not even related to Plaintiff's new 'alter-ego' theory...but rather

relate to issues that have been in this case." Defendants' Memorandum at 5.  Specifically, they object to the request that the Grewals bring records of all sales into what had been plaintiff's territory, by month, from the date of termination to the present.  It is true this request does not seek documents concerning the new alter ego claims, but it is equally true that the document request itself is *not new either.*  These very documents were first requested in plaintiff's first request for production of documents, filed on January 27, 2003.  *See* Request for Document 18 in that first request for production of documents, attached and made a part hereof as Exhibit 1.  As noted in the second instruction to that document request, "These interrogatories and document requests are continuing in nature."

The records of sales into plaintiff's territory are relevant to the commissions that ASG Consultants owes to plaintiff.  The contract provides that

> In the event of a 'without cause termination' under paragraph 7.2 by the Principal, commission shall continue to be earned by the Agency for a period of three (3) years following the termination of this Agreement.  The rate shall be at fifty percent (50%) of the amount the Agency earns pursuant to paragraph 6.1 of this agreement.

*See* the Complaint at ¶14, citing the parties contract at ¶6.2.  As ASG terminated plaintiff without cause on September 28, 2001, the commissions based on sales into plaintiff's territory are due and owing until September 28, 2004.  Thus, all new information concerning sales into plaintiff's territory continues to be relevant to calculating plaintiff's damages.  ASG has a duty to supplement its earlier responses when they are incomplete, of course, see Fed.R.Civ.P. 26(e), and ASG has not provided sales figures to supplement its response of February 28, 2003.  In requesting that these documents be brought to the deposition, Lynx only sought a method convenient for both parties by which ASG could meet this duty to supplement its responses.

3

### 3. Neither of the Grewals has been, or could have been, deposed concerning their financial dealings with ASG Consultants, Ltd.

The notices of deposition sought not only documents already requested in the past, however, but also made requests for documents pertaining to the new claims against the Grewals.[1]  ASG has never produced these documents, concerning the Grewals' financial dealings with ASG.

This is why deposing Amar Grewal would not be, in defendants' words, a "second bite at the apple."  That argument overlooks the very significant fact that when Amar Grewal was first deposed, ASG had not produced, nor did it have any reason to produce, the documents detailing the Grewals' financial dealings with ASG.  Yet it is these documents that would be the focus of the depositions sought.

The very possibility of piercing the corporate veil between ASG and the Grewals first arose because of the admissions Mr. Grewal made in his deposition as ASG's 30(b)(6) designee, as described in earlier motions filed with this Court.  There, he admitted he and his wife take money at their discretion from corporate funds.  At that deposition, however, Lynx did not have, and still does not have, the documents it needs to fill in the details of those admissions.  Mr. Grewal admitted he and his wife took money from the corporation at will, but as yet Lynx has seen no financial records to substantiate that admission, to determine the extent of that behavior, the amounts withdrawn, the frequency of such withdrawals, or any other details of this sort.  Without those documents, Mr. Grewal could not be deposed adequately on what, after all, was

---

[1] The Grewals were asked to bring "Records of all monies paid to you by ASG Consultants, Ltd.;" "Copies of all contracts between you and ASG Consultants, Ltd.;" and "Records of all monies drawn from ASG Consultants, Ltd. in connection with the purchase of any real estate which was titled in your name or the name of your spouse."

not then part of the case, which his and his wife's status as ASG's alter egos. Deposing Mr. Grewal with the documents detailing these financial transactions between the corporation and he and his wife is a very different thing than deposing him as ASG's corporate designee, without those documents or any reason to suspect such documents existed.

   **4. There should be no dispute over location for these depositions**

When the Grewals object to the expense of being deposed in Pennsylvania, they fail to address why they have ignored the offer of Lynx's counsel to withdraw this motion, and quite possibly not to hold the depositions at all, if only the Grewals would produce the requested documents concerning, *inter alia*, their financial dealings with ASG. *See* Exhibit 2, a true and correct copy of correspondence from Lynx's counsel dated August 22, 2003, attached to and made a part hereof. If those documents were to be produced, it might be unnecessary to hold any depositions whatsoever.

On the other hand, should depositions be required because of defendants' recalcitrance, equity suggests it is better to hold them here than in Canada. The cases defendants themselves cite do not suggest otherwise. For example, in *Philadelphia Indemnity Insurance Co. v. Federal Insurance Co.*, 215 F.R.D. 492 (E.D.Pa. 2003), the decision on which defendants rely most heavily, the court stated that "Usually, a party seeking discovery may set the place where the deposition will take place...." *Id.* at 495. There are situations where in the discretion of the court the deposing party's choice of location should be changed, and *Philadelphia Indemnity* demonstrated one such situation, but it was quite a bit different from the circumstances in the case at bar. First, in *Philadelphia Indemnity* the plaintiff, a large corporation, sought to depose some of defendant's employees, and sought to do so in Philadelphia rather than California where

those employees lived and worked. The plaintiff tried to notice those employees' depositions, rather than subpoena them. Defendant objected, claiming that these employees were not subject to deposition under Rule 30(b)(6). *Id.* at 494. Therefore, they would have to be subpoenaed where they were located. As an accommodation, however, defendant offered to produce these employees, but only in California (where they could have been subpoenaed anyway). *Id.* at 495. In this context, the court said, "the deposition of a corporate officer or employee should normally take place at the corporation's principal place of business or, as other courts have held, at his place of business or employment." *Id.* In other words, the depositions of people who 1) *were not parties* and 2) were not the managing agents who stand in the place of a corporate party, and, therefore, the type of person who could demand to be subpoenaed, should take place only where they could be subpoenaed. Furthermore, the court emphasized that

> Since Philadelphia Indemnity is a large corporation capable of bearing the financial burden of traveling to California, and no equitable considerations weigh in favor of compelling these Federal employees to travel to this district,

those non-party witnesses should be deposed in California. *Id.* at 495.

Lynx Associates, Inc. is far from a large corporation; and more to the point, Amar and Kal Grewal are not mere employees. They are named defendants in their own right. Similarly, in the other case defendants cite, *First Fidelity Bancorporation v. National Union Fire Insurance Co. of Pittsburgh,* (which they attached as Exhibit B to their response), the issue in that case was first, whether certain non-party deponents had to be deposed at all. The deponents were members of a party corporation's Executive Committee, and the Court held that, for the time being, they were not subject to deposition at all. If, later, their depositions could even be justified, these persons would be deposed at a forum convenient to them. Again, that case

concerned *non-party* deponents, and well-funded litigants who sought to depose them (in that case, a large financial institution, First Fidelity Bancorporation). On the other hand, Lynx is a small corporate entity seeking to obtain information from defendants, information that they have refused to provide willingly. Equity requires the depositions take place here.

    Again, therefore, plaintiff Lynx Associates, Inc. again urges this Court to grant its motion to compel the defendants to appear for depositions and provide the documents requested, and to allow this limited discovery to take place despite the completion of the scheduled time for discovery.

    Respectfully submitted,

    KRAMER & KRAMER, LLP


By:_____
   Mitchell A. Kramer
   Barbara H. Kramer
   1077 Rydal Road, Suite 100
   Rydal, PA 19046
Dated: September 9, 2003   (215) 887-9030

## CERTIFICATE OF SERVICE

I, Mitchell A. Kramer, attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of the foregoing on counsel for defendant as follows:

> Robert B. Bodzin, Esquire
> Kleinbard Bell & Brecker LLP
> 1900 Market Street
> Suite 700
> Philadelphia, Pennsylvania 19103

_____
Mitchell A. Kramer
KRAMER & KRAMER, LLP
Attorney for Plaintiff

Dated: September 9, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 02-cv-2741 |
| ASG CONSULTANTS LTD., | ) ) ) |
| Defendant. | ) |

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR DOCUMENT PRODUCTION TO DEFENDANT

Plaintiff, Lynx Associates, Inc. ("Lynx"), requests defendant, ASG Consultants Ltd. ("ASG"), to answer the following interrogatories fully, separately, in writing, and under oath, and to serve a copy of its sworn answers upon the undersigned and to respond to the request for document production within 30 days of service of these interrogatories and request for production.

INSTRUCTIONS

1.  Defendant is requested to prepare a response to the following interrogatories and to produce all responsive documents in its possession, custody or control, or in the possession, custody or control of defendant's attorney(s) or any other agents.

2.  These interrogatories and document requests are continuing in nature. Accordingly, any additional information coming into your possession or the possession of your counsel or agent that would change or supplement the response or responses in any way must be promptly furnished to counsel for plaintiff.

**EXHIBIT "1"**

3. Each interrogatory and request for production of documents must be responded to with your entire knowledge, available from all sources, including all documents and information within your possession or control, or in the possession or control of your agents, officers, employees, representatives, or attorneys, or otherwise available to you.

4. If any privilege is claimed as to any interrogatory or any document requested, state the nature of the privilege claimed (e.g., attorney-client, work product, etc.) and the basis for claiming the privilege as to each specific interrogatory or document. In addition, with respect to any document to which a privilege is claimed, state the type of document and the date of such document, identify each person who prepared it, each person (if any) who signed it, each person to whom it was directed, circulated or distributed, and each person now in possession of the document or any identical or non-identical copy thereof.

5. For each interrogatory, if the whole answer to a question is not known, so state and answer any part known. If any exact date is not known, state the closest approximate date known. Where exact information is not available, estimated information will be acceptable only if such estimated information is clearly so identified, the reason given why more precise information could not be supplied, and a clear explanation given as to the basis upon which the estimate was made.

6. For each interrogatory, please include in your response an identification of all documents in your possession and control pertaining to the subject matter of the interrogatory, whether or not such identification is specifically requested in that interrogatory. Responses regarding identification of documents must include the knowledge of your attorneys, agents and representatives, unless privileged, as well as information or

documents in the possession of your attorneys, agents or representatives.

7. For each document request that cannot be complied with in full, please respond to the extent possible, specifying the reasons for your inability to supply the full body of documents requested, and state any information you have relating to the documents that have not been produced.

8. If any document responsive to the following requests has been altered or destroyed, state the reasons for its alteration or destruction, when it was altered or destroyed, and identify all persons having any knowledge of its alteration or destruction, as well as each person responsible for its alteration or destruction by stating in full each person's name, last known or present residential address and telephone number, and last known or present business address, position, and telephone number.  If any document was, but no longer is, in your possession or subject to your control, please state what has happened to it.

9. For each document request, respond in a clear and orderly fashion with the responsive documents arranged to correspond in numerical order to the appropriate request.

10. Any question asked in the singular should be read as in the singular or plural.

11. The words "and" and "or" shall, where the context permits, be construed to mean "and/or."

12. Except where invoices are specifically requested, if compilations or summaries were created in the ordinary course of business, please provide such compilations in lieu of individual invoices.

## DEFINITIONS

For the purposes of these interrogatories and document requests, the following words or phrases have the meaning indicated:

13. "Document" or "communication" means any written, printed, typed or other graphic matter of any kind or nature and all computerized information, mechanical, electronic, magnetic, laser or sound recordings or transcripts or printouts in your possession and/or control or known by you to exist, and shall also mean all copies of documents by whatever means made, including but not limited to microfilm, microfiche, magnetic media, printout and the like, as well as papers, letters, correspondence, memoranda, notes, notations, notebooks, diaries, reports, records, accounting books or records, schedules, tables, charts, transcripts, newspaper or magazine articles, books or other publications, scrapbooks, and any drafts, revisions or amendments of the above.

14. "Identify" when used in reference to a document means to state the following: its author, its subject matter, its date, its title, its length in number of pages, its type (e.g., letter, memorandum, report, diary, chart, etc.) or some other means of recognizing it, a complete summary of its material contents, its present location and custodian, or its disposition if no location or custodian is specified.

15. "Identify" when used in reference to a person, means to give, to the extent known, the person's full name, present or last known home address and home phone number, and the present or last known place of employment, business address and business phone number.

16. "Identify" or "describe" when used in reference to any act, event, statement,

representation, policy or practice, means that at least the following information shall be given: date and place of each occurrence; name and home and business address and telephone number of each person present; detailed description of each occurrence; and identification of each document referring or relating thereto. If any document was, but no longer is in your possession or subject to your control, or in the possession or subject to the control of any of your attorneys or any of your other agents, please state what happened to it.

17. "Concern," "relate" or "relating to" means relates to, refers to, describes, evidences, concerns or constitutes.

18. "Correspondence" or "correspond" means any communication, whether written, computer-generated or oral, and includes all communications received and all communications sent.

19. "Communication," as used herein, means any written or oral transmission of fact, information or opinion, including any utterance, notation, or statement of any nature whatsoever and including but not limited to "documents" as defined immediately above.

20. "Meeting" means any encounter between two or more people during which any type of communication occurs, including but not limited to, formal gatherings, conversations and telephone calls.

21. "Policies" or "procedures" means all rules, policies, procedures, standards, directives, and regulations that you and your employees or agents are to follow and utilize, and which are disseminated by you, the federal government and/or any of its regulatory agencies, any state government and/or any of its regulatory agencies and/or any other regulating

body.

22. The "Sales Agency Agreement" ("Agreement") refers to the August 1, 1998 Agreement between Lynx and ASG, and any amendments or modifications thereto.

23. "Plaintiff's territory" refers to plaintiff's sales territory, in which plaintiff operated as defendant's sales agent. Plaintiff's territory consisted of the following States: Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, North Carolina, Tennessee, West Virginia, Kentucky, Ohio, Indiana, Michigan, Wisconsin, Minnesota and Iowa.

REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following documents and categories of documents:

18. Please produce all commission statements relating to products sold within plaintiff's territory and/or delivered to a customer within plaintiff's territory, during the time period from August 1, 1998 to the present.

KRAMER & KRAMER, LLP
Attorneys and Counselors
1077 Rydal Road, Suite 100
Rydal, PA   19046
(215) 887-9030

August 22, 2003

**SENT VIA FACSIMILE (215) 568-0140**

Robert B. Bodzin, Esquire
Kleinbard Bell Brecker, LLP
1900 Market Street
Suite 700
Philadelphia, PA   19103

      RE:    Lynx Associates, Inc. v. ASG Consultants, Ltd.
               Civil Action No: 02-cv-2741
               Plaintiff's Motion to Compel Discovery

Dear Mr. Bodzin:

     We have analyzed your clients' Answers to the Complaint.  In view of the answers made, if your clients produce the documents requested in the deposition notices and those documents are self-explanatory, in all likelihood, we will not require your clients to appear for depositions. In any event, if you agree to produce all of those documents, I am prepared to withdraw the motion that we have filed with the Court.

     Please advise me.

                                Very truly yours,

                                Mitchell A. Kramer

MAK/rmb

S:\Lynx\rb082203

**EXHIBIT "2"**