IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNX ASSOCIATES, INC., | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 02-cv-2741 |
| ASG CONSULTANTS LTD., | ) | |
| and | ) | |
| AMAR GREWAL and KAL GREWAL, | ) | |
| Defendants | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION *IN LIMINE***

Plaintiff, Lynx Associates, Inc, respectfully moves this Court to exclude all evidence that defendants might proffer which purports to support termination of the parties' contract for cause, for all the reasons stated more fully in the supporting memorandum of law.

DATED: October 13, 2003

Respectfully submitted,
Kramer & Kramer, LLP

By:_____
Mitchell A. Kramer
Barbara H. Kramer
1077 Rydal Road, Suite 100
Rydal, PA 19046
(215) 887-9030

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., | ) |
|       Plaintiff | ) |
| v. | ) Civil Action No. 02-cv-2741 |
| ASG CONSULTANTS LTD., | ) |
| and | ) |
| AMAR GREWAL and KAL GREWAL, | ) |
|       Defendants | ) |
| | ) **JURY TRIAL DEMANDED** |

**ORDER**

AND NOW, this        day of                    , 2003, upon consideration of plaintiff's motion *in limine* to exclude evidence of any alleged deficiencies in the performance of its contractual obligations, and all responses thereto, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants shall not introduce any evidence for the purpose of establishing any alleged default, breach or deficiency in performance by plaintiff of its obligations under the parties' Sales Agency Agreement.

BY THE COURT:

_____
                                              J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., | ) |
| Plaintiff | ) |
| | ) |
| v. | )  Civil Action No. 02-cv-2741 |
| | ) |
| ASG CONSULTANTS LTD., | ) |
| and | ) |
| AMAR GREWAL and KAL GREWAL, | ) |
| Defendants | ) |
| | )  **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION *IN LIMINE***

Plaintiff Lynx Associates, Inc.("Lynx"), a sales agency engaged in the business of representing manufacturers and distributors in the horticultural industry, was the sales representative for defendant ASG Consultants Ltd. ("ASG"), building a market for ASG's seedling protection product "Repellex." On September 28, 2001, ASG terminated that Agreement. Although in its termination letter ASG claimed it was terminating the Agreement "for cause," ASG has now admitted it did not follow the procedures required to so terminate the Agreement. As ASG did not terminate the Agreement with cause, it should not be allowed to introduce any evidence suggesting that it had cause to terminate the Agreement. Such evidence would be irrelevant, prejudicial, and misleading to the jury. Therefore, it must be excluded.

**FACTUAL BACKGROUND**

Lynx is a sales agency specializing in the horticultural industry, and has spent many years and invested substantial amounts of time and money fostering strong business relationships

3

with horticultural wholesalers and customers.  ASG is a Canadian company that manufactures "Repellex," which protects gardens from deer.   On August 1, 1998, Lynx and ASG entered into a Sales Agency Agreement in which Lynx agreed to be ASG's exclusive sales representative in twenty-two states in the eastern United States.  A copy of that Agreement is attached and made a part hereof as Exhibit 1.  The term of that Agreement was to run for three years, and thereafter run from year to year, unless it was either terminated for cause (Section 7.1 of the Agreement) or without cause (Section 7.2).  In the latter case, Lynx was entitled to receive commissions for three years following the termination.

During the term of the Agreement, ASG on a number of occasions allowed others to sell its products in Lynx's exclusive territory and paid those others the commissions for those sales. At the same time, ASG's slow delivery of products to fill orders caused Lynx to lose sales. Despite this, Lynx increased ASG's sales in Lynx's territory substantially in just three years until, in August of 2001, ASG terminated Lynx, shortly after the first one year renewal term began.  ASG, however, did not confirm this termination in writing until September 28, 2001.  A copy of that September 28, 2001 letter is attached and made a part hereof as Exhibit 2.

The Agreement requires the following before Lynx can be terminated for cause:

> **7.1.2**  The election of one party (the "aggrieved party") to terminate this Agreement upon (1) the actual breach or actual default by the other party in the reasonable performance of the defaulting party's obligations and duties under this Agreement and (2) the failure of the defaulting party to cure the same within thirty (30) days (the "cure period") after receipt by the defaulting party of a good faith written notice from the aggrieved party specifying such breach or default and (3) provided that the defaulting party has not cured the default and the aggrieved party may then give written notice to defaulting party of his or its election to terminate fifteen (15) days after expiration of the cure period.

ASG has now admitted it did not follow these procedures.  ASG's letter (written by its counsel)

terminating Lynx stated that "The agreement was elected by ASG Consultants Ltd. to be terminated for cause. You were notified by correspondence dated November 14, 2000 of several issues and concerns on the part of my clients which have not been addressed and cured." *See* Exhibit 2. In turn, the letter to which ASG's counsel referred, a letter from defendant Amar Grewal on behalf of ASG to Lynx, dated November 14, 2000, is also attached and made a part hereof as Exhibit 3. In that letter, while Mr. Grewal complained about a number of things, it gave no notice specifying any breach or default for Lynx to cure. ASG did nothing to fulfill the requirements of section 7.1.2. ASG never sent a written notice specifying any breach or default of the Agreement. ASG never provided Lynx with thirty days after such notice to cure any alleged breach or default. ASG never gave Lynx notice of its election to terminate after the expiration of a thirty days cure period. In other words, ASG did not terminate Lynx for cause as provided in the Agreement.

There is now no dispute about the fact that ASG did not terminate Lynx for cause in the way the Agreement provides. Plaintiff's Request for Admission 6 requested that ASG admit that "Lynx was never notified by ASG that its termination was for cause, under any of the for cause provisions found in the Sales Agency Agreement." In response, ASG stated, "ASG admits, however, that its notification did not meet those technical guidelines established by Paragraph 7.1.2 of the Agreement." Defendant's Response to Request for Admission 6, attached and made a part hereof as Exhibit 4. Still further, in Defendants' Answer to the First Amended Complaint, in their Second Affirmative Defense, defendants state "ASG did not terminate the Agreement

either 'for cause' or "without cause."[1]  Although that statement is somewhat mystifying, and no discovery has been taken to flesh out that claim as this version of the Answer was filed eleven days after the close of discovery,  it does seem to repeat the admission that the termination was not for cause.

Despite these admissions, however, defendants may continue to assert, and attempt to introduce evidence to establish, what it said in ASG's counsel's letter of September 28, 2001, which is that ASG did terminate the Agreement for cause.  Indeed, the original *pro se* Answer to the Complaint relied heavily on that claim.  That possibility gives rise to this motion.

## DISCUSSION

As it is clear that ASG has admitted it did not terminate Lynx for cause, all evidence concerning alleged deficiencies in Lynx's performance of its contractual obligations are irrelevant.  Moreover, such evidence would be misleading to the jury, causing it to believe the issue of "for cause" termination was in the case, and potentially prejudicial to Lynx.  As provided in the last sentence of Federal Rule of Evidence 402, "Evidence which is not relevant is not admissible."  That alone means that any evidence proffered to show some alleged failure of Lynx to perform its contractual obligations would be inadmissible, even if it were otherwise

---

[1] That affirmative defense continues, "Prior to the end of the initial three-year term of the Agreement, ASG simply provided Plaintiff with notice that it would not renew the Agreement at the end of the initial three-year term and, therefore, the provisions of paragraph 6.2 relating to "without cause termination" were never triggered." In the parties' Agreement, however, non-renewal is subsumed under "without cause" termination.  Even if ASG did "give notice that it would not renew" the Agreement, Lynx would still be entitled to three years of commissions at half of the rate it received before termination– the same as it is seeking in this action.  *See* Plaintiff's Motion for Partial Summary Judgment, filed contemporaneously with this motion *in limine*. In any case, ASG did not give notice before the end of the initial three-year term of an intent not to renew, but instead terminated the agreement shortly after the first renewal term began.

harmless.

In this case, however, such evidence would not be harmless. At the very least, it would suggest to the jury that somehow the question of a contractually based "cause" for termination was one which it was required to resolve. The jury surely would be misled into believing that it had to determine whether ASG terminated Lynx for good cause. Therefore, the evidence is confusing and misleading. Furthermore, it would certainly be unfairly prejudicial to plaintiff, simply evidence intended for no relevant purpose to try to prejudice Lynx. Finally, it would waste time in a trial that otherwise could be presented to the jury efficiently and, hopefully, relatively quickly. As Federal Rule of Evidence 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair prejudice, confusion of the issues, or misleading the jury,* or by considerations of undue delay, *waste of time*, or needless presentation of cumulative evidence.

(Emphasis supplied). As explained above, evidence of any supposed deficiencies in Lynx's performance of its contractual obligations would create unfair prejudice, confuse the issues, mislead the jury, and waste time. In other words, even if such evidence were relevant, the Court should exclude it. *See, e.g., New York v. Microsoft Corp.,* 209 F.Supp.2d 125 (D.D.C. 2002), in which the court precluded evidence of an internal e-mail memorandum from Microsoft's files which the state of New York contended undercut Microsoft's argument against the plaintiffs' proposed remedy. The court held that the e-mail, even if embarrassing, was irrelevant and to allow it would also be prejudicial.

Since evidence of any purported deficiencies in Lynx's performance is, first and foremost, totally irrelevant, the Court must be especially vigilant to keep it out. The best way to do that is to enter an order before trial begins excluding all such evidence. *See, e.g., Top of Iowa*

*Co-op. v. Schewe*, 135 F.Supp.2d 969 (N.D.Iowa 2001)(granting motion *in limine* challenging certain evidence as irrelevant under Rule 402); *Yeboah v. United States,* 2000 WL 1876683 (S.D.N.Y. 2000)( granting motion *in limine* based on Rule 402).  Therefore, plaintiff Lynx Associates, Inc. respectfully moves the Court to grant its motion and enter the accompanying order.


DATED: October 13, 2003                             Respectfully submitted,

                                                                   Kramer & Kramer, LLP


                              By:_____
                                   Mitchell A. Kramer
                                   Barbara H. Kramer
                                   1077 Rydal Road, Suite 100
                                   Rydal, PA 19046
                                   (215) 887-9030

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of Plaintiff's Motion *in Limine* to be served on counsel for defendants by Fedex Overnight Delivery as follows:

      Robert B. Bodzin, Esquire
      Kleinbard, Bell & Becker LLP
      1900 Market Street, Suite 700
      Philadelphia, Pennsylvania 19103


Date: October 13, 2003

      Mitchell A. Kramer
      Attorney for Plaintiff