IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 02-cv-2741 |
| ) | |
| ASG CONSULTANTS LTD., ) | |
| ) | |
| and ) | |
| ) | |
| AMAR GREWAL and KAL GREWAL, ) | |
| ) | |
| Defendants ) | |
| _____ ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

**(1). Brief statement of the nature of the case.**

The plaintiff is a company that contracted with defendant ASG Consultants Ltd. ("ASG") to act as that defendant's sales representative in a designated territory to sell products manufactured or supplied by ASG. The defendant ASG has wrongfully terminated the plaintiff's contract and failed to pay sums of money to the plaintiff as required by the applicable contract, in breach of the contract and in violation of various applicable statutes. Furthermore, before termination, ASG violated Lynx's right to exclusive representation, and breached its implied covenant of good faith and fair dealing by, *inter alia*, deliberately delaying filling sales orders to customers from whom Lynx had solicited sales. Defendants Amar and Kal Grewal are the shareholders of defendant ASG, which they do not treat as a separate legal entity but rather as their personal instrumentality. They act as its alter egos, stripping it of independent control of its

assets, and thus they must be held personally responsible for ASG's liabilities to Lynx Associates, Inc.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Venue in this Court is proper under 28 U.S.C. §1391(a) and (c) as a substantial part of the events and omissions giving rise to plaintiff's claim arose in this judicial district, plaintiff sold defendant ASG's products in this judicial district and conducts a substantial volume of business in this judicial district.

**(2). Brief statement of the facts.**

Lynx is a sales agency specializing in the horticultural industry, and has spent many years and invested substantial amounts of time and money fostering strong business relationships with horticultural wholesalers and customers. ASG is a Canadian company that manufactures "Repellex," which protects gardens from deer. ASG is wholly owned by the individual defendants, Amar and Kal Grewal. The corporation itself has few assets and is lightly capitalized. Nevertheless, Amar Grewal has admitted that he and his wife Kal freely take money from the corporation without regard to corporate formalities.

On August 1, 1998, Lynx and ASG entered into a Sales Agency Agreement in which Lynx agreed to be ASG's exclusive sales representative in twenty-two states in the eastern United States. The term of that Agreement was to run for three years, and thereafter run from year to year, unless it was either terminated for cause (Section 7.1 of the Agreement) or without cause (Section 7.2). In the latter case, Lynx was entitled to receive commissions for three years following the termination.

During the term of the Agreement, ASG allowed others to sell its products in Lynx's exclusive territory and paid those others the commissions for those sales. At the same time, ASG's slow delivery of products to fill orders caused Lynx difficulties to lose sales and commissions. Despite these difficulties, Lynx increased ASG's sales in Lynx's territory substantially in just three years until, in August of 2001, ASG terminated Lynx, shortly after the first one year renewal term began. ASG, however, did not confirm this termination in writing until September 28, 2001.

The Agreement requires the following before Lynx can be terminated for cause:

> **7.1.2** The election of one party (the "aggrieved party") to terminate this Agreement upon (1) the actual breach or actual default by the other party in the reasonable performance of the defaulting party's obligations and duties under this Agreement and (2) the failure of the defaulting party to cure the same within thirty (30) days (the "cure period") after receipt by the defaulting party of a good faith written notice from the aggrieved party specifying such breach or default and (3) provided that the defaulting party has not cured the default and the aggrieved party may then give written notice to defaulting party of his or its election to terminate fifteen (15) days after expiration of the cure period.

ASG has now admitted it did not follow these procedures. In response to Plaintiff's Request for Admission 6, ASG wrote, "ASG admits, however, that its notification did not meet those technical guidelines established by Paragraph 7.1.2 of the Agreement."

As the termination was not for cause, defendant is bound by section 6.2 of the Sales Agency Agreement, which states:

> 6.2 In the event of a "without cause termination" under paragraph 7.2 by the Principal, commission shall continue to be earned by the Agency for a period of three (3) years following the termination of this Agreement. The rate shall be at fifty percent (50%) of the amount the Agency earns pursuant to paragraph 6.1 of this agreement.

Plaintiff is seeking commissions at the rate to which section 6.2 refers (5%, instead of the 10% due before termination) for the three years beginning August of 2001.  Plaintiff also is seeking damages for the commissions it lost due to ASG's bad faith in its performance of the parties' contract.  Plaintiff further is seeking commissions that ASG still owes Lynx for sales made before termination.

Plaintiff also seeks multiple damages, counsel fees and costs pursuant to statute.

**(3). Statement of damages.**

Plaintiff's damages are as follows:

Commissions on sales actually made in plaintiff's territory in the period from August 2001 until January of 2003, at 5% of sales (i.e., 50% of the commission rate stated in the Agreement for sales made during the term of the contract, which was 10%) equal $43,780, less $440 for one small customer for which Lynx only was entitled to a 5 % commission.  Therefore, for the first seventeen months Lynx is entitled to $43,340.  Plaintiff's schedule of the lost commissions from the first seventeen months after termination is attached and made a part hereof as Exhibit 65. (Exhibits 1 through 64 are those exhibits already marked and exchanged with defense counsel).

Plaintiff does not have the actual sales figures for ASG's products in plaintiff's territory for any time after January of 2003 (although they have been requested and are one of the subjects of the pending motion to compel).  Plaintiff estimates, however, that sales over the remaining nineteen months of the term for which it is entitled to commissions will have risen an additional 19%, so plaintiff estimates its commissions would have been an additional $58,227, again less a small amount, $585, for the one customer for which Lynx only received a 5% commission before

termination. For the last nineteen months of the term, then, plaintiff estimates lost commissions of $57,642. Therefore, total damages in the form of the commissions to which Lynx is entitled for the three years following termination are $100,982.

Additionally, plaintiff is entitled to damages for lost commissions due to ASG's inability to fill orders during the term of the Agreement. Plaintiff has calculated that because of shipping delays, specifically to six identifiable customers, Lynx did not receive as many orders from those customers as it would have. Plaintiff calculates that it should have received an additional $82,765 in orders, or and additional $8,276 in commissions. Plaintiff's calculations of these damages are attached and made a part hereof as Exhibit 66.

Further, at the time of termination, ASG owed Lynx $11,608.34 as commissions for sales made before termination. Lynx is seeking these commissions as damages as well. Plaintiff's calculations of these damages are attached and made a part hereof as Exhibit 67. ASG admitted in its letter terminating Lynx that ASG owes Lynx commissions for sales made before termination, although it only admits to owing $9,804.45. *See* Exhibit P-30, a copy of that termination letter.

Finally, under the New York Sales Representative Law, plaintiff is entitled to double damages, attorney's fees, court costs and disbursements. N.Y. Labor Law § 191-c. Double damages should be awarded on all monies owed to Lynx that are due and owing as of five days before the date of the verdict in the trial.

Attorneys fees and court costs cannot currently be calculated as these costs are still being incurred. As noted below, it is plaintiff's understanding that the imposition of these portions of the verdict is the responsibility of the Court itself and not of the jury.

**(4) <u>Witnesses</u>**.

Plaintiff does not intend to call any expert witnesses.

Witnesses plaintiff may call include:

Michael Kozak, President
Lynx Associates, Inc.
24 Cayuga Avenue
Oakland, NJ 07436

Julie Kozak, Administrative Assistant
Lynx Associates, Inc.
24 Cayuga Avenue
Oakland, NJ 07436

Joe Trosky, Former Employee
Lynx Associates, Inc.
24 Cayuga Avenue
Oakland, NJ 07436

Liz Carscadden, Office Manager
Lynx Associates, Inc.
24 Cayuga Avenue
Oakland, NJ 07436

Plaintiff also may call defendants Amar Grewal and Kal Grewal as on cross-examination. Plaintiff will introduce into evidence portions of the deposition testimony of defendants Amar Grewal and Kal Grewal, if and when these depositions take place. A motion to compel their depositions is currently pending before this Court. Plaintiff also may introduce portions of Amar Grewal's deposition taken as the corporate representative of ASG Consultants, Ltd., but plaintiff cannot determine which portions, if any, it will use because that decision is necessarily affected by whether plaintiff will be allowed to take Amar and Kal Grewal's depositions as individuals.

In addition, plaintiff will read into the record defendant's Answer to Interrogatories and Responses to Requests for Admission.

Plaintiff reserves the right to identify and call other witnesses in response to witnesses identified in defendants' pretrial memorandum, or if plaintiff becomes aware of the need to call such witnesses because of information learned from Amar or Kal Grewal at their depositions, should these depositions take place.

**(5). Schedule of exhibits**.

The parties have already exchanged and marked the exhibits. Plaintiff's exhibits have been marked and identified as Plaintiff's Exhibit 1 through 64. *See* the letters dated September 10 and 11, 2003 from plaintiff's counsel to defendants' counsel, true and correct copies of which are attached and made a part hereof as Attachment "A".

In addition, plaintiff submits the exhibits attached and made a part hereof representing calculations of damages.

Furthermore, plaintiff reserves the right to introduce as evidence any documents that defendants may produce in response to the outstanding discovery requests which are the subject of the plaintiff's pending motion to compel.

**(6). Estimate of days required for trial.**

Four (4) days.

**(7). Special comments.**

Plaintiff has filed a Motion to Compel individual defendants Amar and Kal Grewal to attend depositions and bring certain documents with them. This motion is still pending before the Court. In that motion, plaintiff is seeking not only to depose these defendants, but to have them bring with them documents relevant to the claims in this action. As pointed out in the motion papers, some of these documents pertain to the claims against the Grewals as ASG's alter egos,

while some of these documents pertain to ASG's sales records, and were originally requested much earlier in the case but not yet produced.

Plaintiff is filing, contemporaneously with this pretrial memorandum, a motion for partial summary judgment, seeking to establish that its termination was without cause and that it is entitled to commissions on all sales in its territory for three years following the date of termination, at a rate half that to which it was entitled before termination. This motion is based on defendants' own admissions made in response to Requests for Admission as well as defendants' Answer to the First Amended Complaint.

Plaintiff also is filing a motion *in limine* to exclude all evidence concerning any alleged basis for termination of the parties' Sales Agency Agreement "with cause." This motion is based on defendant ASG's own admissions that it did not follow the procedures for terminating the Agreement for cause.

Plaintiff, in its First Amended Complaint, made claims under a variety of state Sales Representative Laws. Plaintiff believes that New York's statute, found at N.Y. Labor Law Sec. 191-a through 191-c, applies to all unpaid commissions, because plaintiff is a New York corporation, although its current principal place of business is in New Jersey. Plaintiff is prepared, however, to introduce evidence of sales made in each state in its territory, some of which states have statutes which provide multiple damages, and some of which do not. Plaintiff respectfully requests that at the final pretrial conference or at some other time the Court discuss with counsel the applicability of the various states' Sales Representative Laws to plaintiff's claims and how the Court would rule on the issue of their applicability.

DATED: October 13, 2003                              Respectfully submitted,
                                                                  Kramer & Kramer, LLP

                                      By:_____
                                                  Mitchell A. Kramer
                                                  Barbara H. Kramer
                                                  1077 Rydal Road, Suite 100
                                                  Rydal, PA 19046
                                                  (215) 887-9030

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a copy of Plaintiff's Pretrial Memorandum to be served on counsel for defendants by Fedex Overnight Delivery as follows:

>Robert B. Bodzin, Esquire
>Kleinbard, Bell & Becker LLP
>1900 Market Street, Suite 700
>Philadelphia, Pennsylvania 19103

Date: October 13, 2003

                                                      Mitchell A. Kramer
                                                    Attorney for Plaintiff