IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC.,         ) | |
|                     Plaintiff            ) | |
|                     v.                   ) | Civil Action No. 02-cv-2741 |
| ASG CONSULTANTS LTD.,         ) | |
| and                             ) | |
| AMAR GREWAL and KAL GREWAL,   ) | |
|                     Defendants      ) | |
| _____ ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

       Plaintiff Lynx Associates, Inc., hereby moves for partial summary judgment on liability as detailed more fully in the supporting memorandum of law.


DATED: October 13, 2003                         Respectfully submitted,
                                                         Kramer & Kramer, LLP

                             By:_____
                                   Mitchell A. Kramer
                                   Barbara H. Kramer
                                   1077 Rydal Road, Suite 100
                                   Rydal, PA 19046
                                   (215) 887-9030

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 02-cv-2741 |
| ) | |
| ASG CONSULTANTS LTD., ) | |
| ) | |
| and ) | |
| ) | |
| AMAR GREWAL and KAL GREWAL, ) | |
| ) | |
| Defendants ) | |
| ) | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW, this   day of       , 2003, upon consideration of plaintiff's motion for partial summary judgment and all responses thereto, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that plaintiff's termination constituted "termination without cause," thus entitling plaintiff to damages representing commissions at a rate of one-half the commission rate to which plaintiff was entitled before termination for three years from the date of termination.

 

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 02-cv-2741 |
| ) | |
| ASG CONSULTANTS LTD., ) | |
| ) | |
| and ) | |
| ) | |
| AMAR GREWAL and KAL GREWAL, ) | |
| ) | |
| Defendants ) | |
| ) | |
| _____ ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Lynx Associates, Inc.("Lynx") was terminated as defendant ASG Consultants Ltd.'s ("ASG") sales representative in August 2000, and filed this action to seek the commissions due to it under the terms of the parties' Agreement. Defendant has now admitted that it did not terminate Lynx for cause. Instead, ASG has pleaded in its Answer to the First Amended Complaint that it chose not to renew the Agreement at the end of its first three-year term. However, under the Agreement, any termination other than for cause, including a decision not to renew at the end of the term, is considered a "termination without cause." The Agreement further provides that after such a termination Lynx is entitled to commissions for three years at half the pre-termination rate. Moreover, ASG terminated Lynx after the contract had renewed pursuant to its terms. Therefore, Lynx moves for partial summary judgment in its favor on its entitlement to those three years' commissions.

**UNDISPUTED FACTS**

Lynx is a sales agency specializing in the horticultural industry, and has spent many years and invested substantial amounts of time and money fostering strong business relationships with horticultural wholesalers and customers. ASG is a Canadian company that manufactures "Repellex," which protects gardens from deer. On August 1, 1998, Lynx and ASG entered into a Sales Agency Agreement in which Lynx agreed to be ASG's exclusive sales representative in twenty-two states in the eastern United States. A copy of that Agreement is attached and made a part hereof as Exhibit 1. The term of that Agreement was to run for three years, and thereafter run from year to year, unless it was either terminated for cause (Section 7.1 of the Agreement) or without cause (Section 7.2).

Specifically, the Agreement provides that:

> **7. Term.** This Agreement shall continue in force and effect for three (3) years and thereafter from year to year (not to exceed twenty-one (21) years unless renewed thereafter in writing by the parties) unless the first to occur of the following events, at which time the Agency's right to solicit new business shall terminate:

The Agreement then lists two ways in which the Agreement can end; first, under section 7.1, it can be terminated "for cause," and second, it can be terminated "without cause." *See* Exhibit 1.

Some time in August of 2001, ASG made it clear that it did not want to continue to have Lynx represent it, at least on the same terms. Rather, on August 10, 2001, ASG proposed a change to those terms, reducing Lynx's territory somewhat and reducing the commission rate for some orders. *See* Exhibit 2 attached and made a part hereof, which is a copy of Exhibit P-28 to Amar Grewal's deposition. The parties did not reach an agreement on this change, and on September 28, 2001, ASG's counsel wrote a letter to Lynx explicitly terminating the Agreement. *See* Exhibit 3 attached and made a part hereof, which is a copy of Exhibit P-30 to Amar Grewal's

deposition. That letter stated that " "The agreement was elected by ASG Consultants Ltd. to be terminated for cause. You were notified by correspondence dated November 14, 2000 of several issues and concerns on the part of my clients which have not been addressed and cured." *See* Exhibit 3. In turn, the letter to which ASG's counsel referred, a letter from defendant Amar Grewal on behalf of ASG to Lynx, dated November 14, 2000, is also attached and made a part hereof as Exhibit 4 (ASG introduced this letter as Exhibit D-19 in the deposition of Lynx's president, Michael Kozak). In that letter, while Mr. Grewal complained about a number of things, he gave no notice specifying any breach or default for Lynx to cure.

Termination for cause under the Agreement is controlled by section 7.1.2, which states:

> **7.1.2** The election of one party (the "aggrieved party") to terminate this Agreement upon (1) the actual breach or actual default by the other party in the reasonable performance of the defaulting party's obligations and duties under this Agreement and (2) the failure of the defaulting party to cure the same within thirty (30) days (the "cure period") after receipt by the defaulting party of a good faith written notice from the aggrieved party specifying such breach or default and (3) provided that the defaulting party has not cured the default and the aggrieved party may then give written notice to defaulting party of his or its election to terminate fifteen (15) days after expiration of the cure period.

ASG did nothing to fulfill the requirements of section 7.1.2. ASG never sent a written notice specifying any breach or default of the Agreement. ASG never provided Lynx with thirty days after such notice to cure any alleged breach or default. ASG never gave Lynx notice of its election to terminate after the expiration of a thirty days cure period. In other words, ASG did not terminate Lynx for cause as provided in the Agreement.

Although in its initial Answer, filed *pro se* by Amar Grewal, ASG relied heavily on claims of "for cause" termination, it has now admitted it did not terminate Lynx for cause. Plaintiff's Request for Admission 6 requested that ASG admit that "Lynx was never notified by ASG that its termination was for cause, under any of the for cause provisions found in the Sales

Agency Agreement."  In response, ASG stated,  "ASG admits, however, that its notification did not meet those technical guidelines established by Paragraph 7.1.2 of the Agreement." Defendant's Response to Request for Admission 6, attached and made a part hereof as Exhibit 5.

As this was not a termination for cause, the only other form of termination to which the Agreement refers is termination without cause.  The Agreement states, under the heading "Without Cause Termination,"  that Lynx's  right to solicit new business shall terminate:

> 7.2.1  After the third (3) year, or on expiration of any one (1) year term thereafter, provided written notice of election to terminate is given in writing to the other party one-hundred twenty (120) days before expiration of the existing term.

On such termination without cause, the Agreement provides, in section 6.2:

> In the event of a "without cause termination" under paragraph 7.2 by the Principal, commission shall continue to be earned by the Agency for a period of three (3) years following the termination of this Agreement.  The rate shall be at fifty percent (50%) of the amount the Agency earns pursuant to paragraph 6.1 of this agreement.

*See* Exhibit 1.

Plaintiff Lynx's claim for three years' commissions, at half the rate earned before termination ("Post-Termination Commissions") is based on this contractual provision, found at section 6.2 of the Agreement.

## **DISCUSSION**

Based on defendants' own admissions and their Answer to the First Amended Complaint, there can is no genuine dispute about Lynx's entitlement to commissions under section 6.2 of the Agreement; that is, three years' commissions from the date of termination, at a rate half the amount earned before termination. ASG did not terminate Lynx for cause, and any other termination falls under the heading of termination without cause, and section 6.2 provides a method of paying Lynx when it is so terminated.  When "the pleadings, depositions, answers to

interrogatories, and admissions on file... show that there is no genuine issue as to any material fact...," Fed.R.Civ.P. 56(c), summary judgment is appropriate. Further, partial summary judgment on certain issues of liability is appropriate even when there remains a dispute about damages. *Id.*

As noted above, ASG has admitted that it did not terminate Lynx for cause.[1] *See* Defendant's Response to Request for Admission 6, attached and made a part hereof as Exhibit 5. Still further, in Defendants' Answer to the First Amended Complaint, in their Second Affirmative Defense, defendants state "ASG did not terminate the Agreement either 'for cause'...." *See* Exhibit 6, a true and correct copy of Defendants' Answer to the First Amended Complaint, attached and made a part hereof.

Defendants' Second Affirmative Defense, however, says more than just that ASG did not terminate the Agreement for cause. Rather, read in conjunction with the Agreement, ASG essentially admits that Lynx is entitled to Post-Termination Commissions. That admission, however, is not immediately apparent because it is hidden behind confusion. The Second Affirmative Defense in its entirety reads as follows:

> ASG did not terminate the Agreement either 'for cause' or 'without cause.' Prior to the end of the initial three-year term of the Agreement, ASG simply provided Plaintiff with notice that it would not renew the Agreement at the end of the initial three-year term and, therefore, the provisions of paragraph 6.2 relating to "without cause termination" were never triggered.

The confusion in the just-quoted statement is in its attempt to divide the universe of potential terminations into "for cause," "without cause," and "non-renewal." Defendants do so in order to deny that they owe Post-Termination Commissions, stating that "the provisions of paragraph

---

[1] For further discussion of ASG's admission it did not terminate Lynx for cause, please see Lynx's motion *in limine* filed contemporaneously with this motion for partial summary judgment.

6.2...were never triggered." Yet the Agreement itself defines termination without cause and the decision not to renew as one and the same thing.

The terms of the Agreement are quite clear that a decision not to renew is exactly what is meant by the term "termination without cause". It states :

> **7. Term.** This Agreement shall continue in force and effect for three (3) years and thereafter from year to year (not to exceed twenty-one (21) years unless renewed thereafter in writing by the parties) unless the first to occur of the following events, at which time the Agency's right to solicit new business shall terminate:
> **7.2   Without Cause Termination**
> **7.2.1** After the third (3) year, or on expiration of any one (1) year term thereafter, provided written notice of election to terminate is given in writing to the other party one-hundred twenty (120) days before expiration of the existing term.

This is what defendants claims ASG did – give notice, before the end of the term, of an intention to terminate rather than renew. Irrespective of defendants' refusal to accept the Agreement's own definitions, it remains indisputable that what ASG claims it did is "Without Cause Termination."

The Agreement is also quite clear about what happens in the event of a termination without cause. After a termination without cause, ASG owes Lynx Post-Termination Commissions:

> 6.2  In the event of a "without cause termination" under paragraph 7.2 by the Principal, commission shall continue to be earned by the Agency for a period of three (3) years following the termination of this Agreement. The rate shall be at fifty percent (50%) of the amount the Agency earns pursuant to paragraph 6.1 of this agreement.

In other words, the Agreement itself provides for two ways in which the Agreement could end before the end of twenty-one years. First, ASG could have cause to terminate, in which case it could do so and incur no further obligations to pay Lynx. ASG admits this did not happen. Second, ASG could terminate without cause, but in so doing it would be required to pay Post-

Termination Commissions. There is no third option as suggested by the defendants' Second Affirmative Defense for "notice not to renew." Rather, a decision not to renew is the same thing as a termination without cause.

When the terms of a contract are clear, it is appropriate to enter summary judgment. *See, e.g, Jacobs Constructors, Inc. v. NPS Energy Services, Inc*., 264 F.3d 365, 375 (3d Cir. 2001)(affirming a grant of summary judgment where the contractual language governing the parties' relationships was clear). Here, defendants themselves assert they did something the Agreement calls "termination without cause." That being the case, the Court, in order to enforce the parties' own Agreement, should hold that ASG owes Lynx Post-Termination Commissions.

## **CONCLUSION**

Defendants have now admitted that they did not terminate Lynx for cause, and further have admitted that what they attempted to do was not renew the parties' agreement, an act the Agreement itself defines as "termination without cause." The Agreement also defines the effect of a termination without cause; ASG is required to pay Post-Termination Commissions. As there is no genuine issue of material fact about ASG's obligation to pay Post-Termination Commissions, plaintiff, Lynx Associates, Inc., respectfully moves the Court to grant its motion for partial summary judgment.

DATED: October 13, 2003                          Respectfully submitted,
                                                 Kramer & Kramer, LLP

          By:_____
              Mitchell A. Kramer
              Barbara H. Kramer
              1077 Rydal Road, Suite 100
              Rydal, PA 19046
              (215) 887-9030

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Plaintiff's Motion For Partial Summary Judgment to be served on counsel for defendants by Fedex Overnight Delivery as follows:

    Robert B. Bodzin, Esquire
    Kleinbard, Bell & Becker LLP
    1900 Market Street, Suite 700
    Philadelphia, Pennsylvania 19103

Date: October 13, 2003

                                              Mitchell A. Kramer
                                              Attorney for Plaintiff