## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | ) | |
| LYNX ASSOCIATES, INC. | ) | ) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-CV-2741 |
| | ) | |
| ASG CONSULTANTS LTD. | ) | |
| and | ) | |
| AMAR GREWAL and KAL GREWAL, | ) | |
| Defendant | ) | |
| _____ | ) | |

## RENEWED MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff, Lynx Associates, Inc. ("Lynx"), for all the reasons stated in the supporting

Memorandum of Law, respectfully moves this Court pursuant to Federal Rule of Civil Procedure

37 to order that:

1) at trial, it will be taken as established that Amar and Kal Grewal are the alter egos of

ASG Consultants Ltd.; and

2) defendants must produce within five (5) days of the date of the Court's order

documents evidencing all sales into what had been plaintiff's territory, by month, from the date

of termination to the present, upon pain of default.

Respectfully submitted,

KRAMER & KRAMER, LLP


By:_____
   Mitchell A. Kramer
   Barbara H. Kramer
   1077 Rydal Road, Suite 100
   Rydal, PA 19046
Dated: November 26, 2003   (215) 887-9030

## IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ──────────────────────────────── ) | |
| LYNX ASSOCIATES, INC. ) | ) |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 02-CV-2741 |
| ) | |
| ASG CONSULTANTS LTD. ) | |
| and ) | |
| AMAR GREWAL and KAL GREWAL, ) | |
| ) | |
| Defendant ) | |
| ──────────────────────────────── ) | |

**<u>ORDER</u>**

AND NOW, this     day of           , 2003, upon consideration of plaintiff's motion to compel the production of documents, and all responses thereto, it is hereby ORDERED that the motion is GRANTED.  It is further ORDERED that

1) at trial, it will be taken as established that Amar and Kal Grewal are the alter egos of ASG Consultants Ltd.; and

2) defendants are required to produce documents evidencing all sales into what had been plaintiff's territory, by month, from the date of termination to the present, within five (5) days of the date of this Order, or the Court will enter default judgment on liability against each of them.

BY THE COURT:

─────────────────────────────
                                                    J.

## <u>CERTIFICATE OF SERVICE</u>

I, Mitchell A. Kramer, attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of Plaintiff's Renewed Motion To Compel via facsimile and regular mail on counsel for defendant as follows:

> Robert B. Bodzin, Esquire
> Kleinbard Bell & Brecker LLP
> 1900 Market Street
> Suite 700
> Philadelphia, Pennsylvania 19103

<br>

> _____
> Mitchell A. Kramer
> KRAMER & KRAMER, LLP
> Attorney for Plaintiff

Dated: November 26, 2003

**CERTIFICATE OF EFFORT TO RESOLVE DISCOVERY DISPUTE**

I hereby certify that, as evidenced by the exhibits attached to the motion to compel, I attempted to resolve this dispute concerning the need to produce witnesses for deposition before the close of discovery in this matter, but those efforts were unsuccessful.

_____
Mitchell A. Kramer
KRAMER & KRAMER, LLP
Attorney for Plaintiff

Dated: November 26, 2003

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____ )

LYNX ASSOCIATES, INC.                              )
                                                                  )
                    Plaintiff                                )
                                                                  )
          v.                                                     )          Civil Action No. 02-CV-2741
                                                                  )
ASG CONSULTANTS LTD.                              )
and                                                               )
AMAR GREWAL and KAL GREWAL,          )
                                                                  )
                                                                  )
                    Defendant                            )
_____ )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>RENEWED MOTION TO COMPEL AND FOR SANCTIONS</u>**

          In August of 2003, plaintiff first attempted to depose the newly joined defendants, Amar

and Kal Grewal, on matters relating to their status as alter egos for defendants ASG Consultants

Ltd.  Defendant refused to produce either defendant for depositions, and further refused to

produce the documents which plaintiff had asked the deponents bring with them.[1]  Even after

---

          [1]The documents were listed in Attachment "A" to the notice of deposition for Amar and
Kal Grewal, dated August 1, 2003.  Attachment "A" requested that the defendants bring to the
deposition the following documents:

    1.      All tax returns, profit and loss statements and balance sheets for the past five
             years to the present.

    2.      Records of all monies paid to you by ASG Consultants Ltd.

    3.      Copies of all contracts between you and ASG Consultants Ltd.

    4.      Records of all monies drawn from ASG Consultants Ltd. in connection with the
             purchase of any real estate which was titled in your name or the name of your
             spouse.

    5.      All sales into what had been plaintiff's territory, by month, from the date of
             termination to the present.

plaintiff filed a motion to compel attendance at the deposition, defendants refused to appear or

produce the documents. Then the Court scheduled a conference call to resolve that motion for

October 23, 2003.  On the eve of that conference, defendants agreed to produce all the

documents requested in the notice of deposition.  Yet defendants have failed to live up to that

agreement.  Defendants' continuing failure to comply with the rules of discovery, and their

willful failure to comply with the agreement they made to avoid a court order, justifies sanctions

under Rule 37, including an order establishing that Amar and Kal Grewal are the corporate alter

egos of ASG Consultants Ltd.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Lynx is a sales agency specializing in the horticultural industry.  ASG is a Canadian

company that manufactures "Repellex" which protects gardens from deer.  On August 1, 1998,

Lynx and ASG entered into a Sales Agency Agreement in which Lynx agreed to be ASG's

exclusive sales representative in twenty-two states in the eastern United States.  As detailed at

great length in other papers filed in this Court, ASG terminated that Agreement without cause as

of August 1, 2001. Under the terms of that Agreement, therefore, Lynx is entitled to

commissions on sales made into its old territory for three years after that termination, or until

August 1, 2004.[2]

---

*See* Exhibit 1, attached and made a part hereof, a copy of the notice of deposition.

[2]For a more complete history of these events, see plaintiff's memoranda supporting its
pending motion for summary judgment and opposing defendants' countermotion for summary
judgment.

On Wednesday June 18, 2003, Lynx's counsel deposed Amar Grewal, the president of ASG, as ASG's corporate designee.  At that deposition, Mr. Grewal testified that he was the sole director of ASG and that both he and his wife take money from ASG's corporate funds as they wish  for their personal use. (Amar Grewal's deposition at 40 - 41).   Further, he testified that ASG does not own its facility.  Rather, the Grewals own the property and lease it to the corporation.  (*Id.* at 38).  The description of the business that Mr. Grewal gave in his testimony indicates that it does not  have a great deal of equipment or inventory on hand.  Therefore, ASG does not have substantial capital assets.  The Grewals practice of taking corporate funds as they wish for their personal use could therefore strip ASG of assets quite quickly.

After making these discoveries about the nature of ASG and the Grewals' relationship, Lynx sought leave to amend its complaint to allege that the Grewals are ASG's alter egos, and to join them as individual defendants.  The Court granted that motion on August 1, 2003. Lynx promptly noticed the depositions of the Grewals and requested that they bring documents relating to their relationship with ASG.   In addition, Lynx asked them to bring with them sales records of sales made into Lynx's territory up to the present, updating ASG's earlier incomplete production of these sales records. *See* the copies of those notices of deposition attached and made a part hereof as Exhibit 1.  These sales records should be updated to the present because Lynx contends it is still entitled to commissions on those sales until August of 2004.

Defendants refused to be deposed or to produce their documents.  *See* the defendants' counsel's letter dated August 4, 2003,  attached and made a part hereof as Exhibit 2.  Counsel for Lynx responded on August 5, 2003, explaining the need to depose the Grewals.  *See* the copy of

that letter attached and made a part hereof as Exhibit 3.   Defendants, however, continued to

refuse to be deposed.  *See* the copy of defendants' counsel's letter of August 7, 2003, attached

and made a part hereof as Exhibit 4.

Plaintiff then moved to compel the defendants to appear for depositions.  At the same

time, however, plaintiff offered to compromise by accepting the production of all the documents

listed in the notices of deposition.  Defendants did not accept that offer, so the Court scheduled a

conference call to resolve that motion for October 23, 2003.  On October 22, 2003, rather than

have this Court hear the motion, defendants agreed to produce all of the documents requested in

attachment "A" to the Notice of Deposition with fifteen days (that is, by November 6, 2003.)  In

return, plaintiff requested that the Court defer action on its motion to compel.  *See* the copy of a

letter from counsel to the Court dated October 22, 2003, attached and made a part hereof as

Exhibit 5.

November 6, 2003 passed and defendants did not produce any documents.  On November

20, 2003, counsel for plaintiff wrote to defendants' counsel, giving defendants yet another

chance to live up to their agreement.  *See* the copy of the letter from plaintiff's counsel, attached

and made a part hereof as Exhibit 6.  As of November 25, 2003, plaintiff has had no response to

this letter.

## II.  DISCUSSION

Plaintiff already has stated at length in the motion to compel plaintiff previously filed

(including a supporting memorandum of law and a subsequent reply memorandum) all the

reasons for production of the documents it requested.  Rather than face this Court's decision on

that motion, defendants agreed on the eve of a hearing to produce the documents. Now, despite their explicit commitment to produce those document, rather than face further judicial intervention, defendants have refused to do so.  After making such a commitment, defendants cannot be allowed to break it without consequence.  At this point, it is appropriate for the Court to order that, because of defendants' refusal to provide discovery on plaintiff's alter ego claims, defendants Amar and Kal Grewal's status as ASG's alter egos shall be taken as established. Furthermore, it is appropriate for the Court to order that, unless ASG immediately produces documents updating its sales records into Lynx's territory, ASG will suffer a default judgment on Lynx's claims against it.

    Federal Rule of Civil Procedure 37 provides an escalating scale of sanctions for failure to cooperate in discovery.  First, if a party fails to provide discovery, a party may move to compel. Fed.R.Civ.P. 37(a)(2).  Then, Federal Rule of Civil Procedure 37(a)(4)(A) provides that

> If the motion is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party of deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving part the reasonable expenses incurred in making the motion....

*See, e.g, Stein v. Foamex International, Inc.,* 2001 WL 856722 (E.D.Pa. 2001)(directing plaintiff to submit affidavit of costs in prosecuting successful motion to compel); *Get-A-Grip, II, Inc. v. Hornell Brewing Co.,* 2000 WL 1201385 (E.D.Pa. 2000)(granting a motion for sanctions after party forced to renew request for discovery).

    Here, after the motion was filed, defendants finally agreed to produce the documents requested on the eve of the scheduled conference with the Court to address the motion.  If

defendants had, in fact, then produced the documents, they would have been in the situation

contemplated by Rule 37(a)(2), justifying the Court to consider imposing monetary sanctions.

Defendants did not produce the documents as they agreed.  They have gone even further in

refusing to cooperate in discovery.

The next step in sanctioning recalcitrant discovery behavior is to preclude the recalcitrant

party from disputing certain facts at trial.  For instance, if a party ignores a court order

concerning discovery, the Court may enter the following sorts of orders:

> **(A)** An order that the matters regarding which the order was made or any other
> designated facts shall be taken to be established for the purposes of the action in
> accordance with the claim of the party obtaining the order;
> **(B)** An order refusing to allow the disobedient party to support or oppose
> designated claims or defenses, or prohibiting that party from introducing
> designated matters in evidence;
> **(C)** An order striking out pleadings or parts thereof, or staying further
> proceedings until the order is obeyed, or dismissing the action or proceeding or
> any part thereof, or rendering a judgment by default against the disobedient party;

Fed.R.Civ.P. 37(b)(2).  While Rule 37(b)(2) contemplates a party ignoring a court order,  Rule

37(d) also allows a court to impose these same sanctions when a party fails to cooperate with

discovery even absent a prior court order.  That subsection is headed "Failure of Party to Attend

at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection,"

and that heading describes what defendants did here; Amar and Kal Grewal have refused to be

deposed, and all defendants have refused to produce documents.  Under Rule 37(d),  the Court

"may make such orders in regard to the failure as are just, and among others it may take any

action authorized by subparagraphs (A),(B), and (C) of subdivision (b)(2) of this rule [the

sanctions quoted earlier in this paragraph]."

That Rule makes it clear that if a party, like defendants here, fail to produce documents, this Court may impose the same issue-preclusion sanctions as it can impose for failure to comply with an order. For instance, in *Riverside Memorial Mausoleum, Inc. v. Sonnenblick-Goldman Corp.,* 80 F.R.D. 433 (E.D.Pa. 1978), the Court was faced with a plaintiff that had repeatedly ignored deadlines and due dates. When plaintiff failed to answer interrogatories, the Court granted defendant's motion for sanctions, stating:

> In exercising my discretion to grant a preclusionary order, and ultimately summary judgment, I weighed what I considered to be the relevant factors as set forth above. If, under the circumstances of this case, my action is an abuse of discretion, then we may as well junk the Federal Rules of Civil Procedure, deprive trial judges of the power to make orders for the conduct of their calendars and leave them both toothless and caponized in frustrated impotence.

*Id.* at 437. Here, plaintiff seeks no different sanction than the one granted in *Riverside*. There, it was granted after a party failed to answer interrogatories, albeit as part of a greater pattern of delay. Here, there is a serious pattern of delay exhibited by defendants' refusal to produce these documents, despite the notice of deposition, the motion to compel, the Court's own involvement in the matter in scheduling a conference call, and finally defendants' specific agreement to produce these documents. This pattern of delay justifies the preclusionary order Lynx seeks. S*ee also Mangano v. American Radiator and Standard San Corp.,* 438 F.2d 1187, 1188 (3d Cir. 1971)(failure to answer interrogatories justified dismissal of plaintiff's claims); *Neal v. Director, District of Columbia Department of Corrections,* 1995 WL 517248 (D.D.C. 1995)(barring defendants from calling non-party fact witnesses for failure to answer interrogatory seeking identity of such witnesses).

## <u>CONCLUSION</u>

Plaintiff has sought these same highly relevant documents for nearly four months. After forcing plaintiffs to file a motion to compel, which was briefed extensively, defendants finally, on the eve of a conference call with this Court to hear the motion, agreed to produce them. Yet now defendants have shown they will not live up even to that agreement. At this point, the only appropriate measure left is to order that the individual defendants, Amar and Kal Grewal, are defendant ASG Consultants Ltd.'s alter egos, and to enter a default against ASG if it does not immediately produce its sales records regarding commissions to which Lynx is entitled. Plaintiff therefore respectfully requests that this Court grant this motion.

Respectfully submitted,

KRAMER & KRAMER, LLP

By:_____
   Mitchell A. Kramer
   Barbara H. Kramer
   1077 Rydal Road, Suite 100
   Rydal, PA 19046
Dated: November 26, 2003   (215) 887-9030