## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ——————————————————— ) | |
| LYNX ASSOCIATES, INC.             ) | |
|       Plaintiff      ) | |
|   ) | |
|     v.    ) | Civil Action No. 02-CV-2741 |
|   ) | |
| ASG CONSULTANTS LTD.  ) | |
| and  ) | |
| AMAR GREWAL and KAL GREWAL,  ) | |
|       Defendant  ) | |
| ——————————————————— ) | |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW SUPPORTING
## ITS RENEWED MOTION TO COMPEL AND FOR SANCTIONS

### I.   BACKGROUND

On August 1, 2003, plaintiff noticed the Grewals for depositions, attaching the subpoenas (Exhibit 1 hereto) still at issue. When defendants refused to appear, plaintiff filed a Motion to Compel which was opposed.

On October 22, 2003, one day before the hearing on plaintiff's motion, defendants agreed to produce all documents responsive to the subpoenas by November 6, 2003. On November 20, 2003, having heard nothing from defendants nor received any documents, plaintiff advised them that unless the documents were received by November 24, 2003, it would file an appropriate motion (See Exhibit 2). Defendants did not respond to that letter.

Plaintiff then filed the instant motion, and with a hearing to show cause scheduled for December 16, 2003, defendants made an incomplete and inadequate production on December 11, 2003. The same day, plaintiff faxed defendants a deficiency letter (Exhibit 3). It has had no response to that letter. Defendants' Opposition to Plaintiff's Motion was overnighted and received by plaintiff's counsel on Saturday, December 13, 2003.

## II.    **ARGUMENT**

Defendants produced some documents only after plaintiff renewed its motion to compel and after the Court ordered a hearing on that motion.  At no time since August 1, 2003, did defendants comply with this discovery, and at no time did defendants suggest that their failure to comply was because of "extenuating circumstances."  Instead, the defendants simply resisted or ignored all demands for production.

Now, with the pressure of a Court Order, defendants have finally produced some documents to plaintiffs on December 11, 2003.  Yet these documents were in many ways unresponsive and, in fact, evasive.  This production was incomplete in a number of ways, only some of which defendants now claim they intent to rectify.  As their memorandum admits, "Defendants still need to produce sales information for the period of February 2003 to present and a corporate tax return for the year 2001."  Memorandum at 4.  That is quite true; but it is far from all defendants have failed to produce.

Defendants, Kal and Amar Grewal were each subpoenaed and agreed to produce <u>all documents relating to</u> the following subjects:

1.    Tax returns, profit and loss statements and balance sheets of ASG Consultants, Ltd. for past 5 years,

2.    Records of all monies paid to Kal and Amar Grewal by ASG,

3.    All contracts between each of them and ASG,

4.    Records of all monies drawn from ASG in connection with the purchase of any real estate titled in Kal or Amar Grewal's name,

2

5.      All sales into plaintiff's territory by month from the date of termination,

September 28, 2001 to the present

In response to request 1, defendants produced an incomplete unaudited statement of

income for 2003 and balance sheet for 2003; the first page of a 2002 tax return; the first page of

a 2001 tax return; and the first page of a 1999 tax return and of a 1998 tax return.  In addition,

there is a one page "comparative tax summary" for each of these years which appears to be

simply a calculation of taxes due.  This production is inadequate.

The 2003 income statement on its face states " see notice to reader" but none is attached;

the 2003 balance sheet lists gross numbers for "advances to related company" with no footnote

or explanation and a gross dollar amount for "fixed assets" with no detail, breakout, list of assets,

or depreciation schedule.

The tax returns are incomplete.  At the bottom of page 1 of each return it states "page 1

of 8" but only page 1 of each of the tax returns was produced.  The remaining seven pages of

each tax return were not produced.

In response to request 2, defendants produced no documents, no checks, no expense

account requests or records, and no vouchers.  Defendants produced only a one page summary

by year of monies paid to each of the Grewals with neither dates paid or other detail.  The only

contract produced pursuant to request 3 was one between ASG and Mrs. Grewal providing that

she was to be paid $15.00 Canadian per hour.  Since she is listed as having received $54,000.00

in 2002 (equal to 3600 hours), some documentation must exist for this anomoly.

Defendants admit they failed to produce sales records for 2003 for all but the first month

of that year.

3

Defendants also admit the need to produce ASG's missing 2001 (it would seem to be for year 2000 however) corporate tax return.

There are still other significant omissions in defendants' production that they have not mentioned in their memorandum. In addition to the above, in request 2, Amar and Kal Grewal were asked to produce "records of all monies paid to you by ASG Consultants, Ltd." The relevance of this request to the claim that they were ASG's alter egos is obvious, yet defendants did not produce a single record. Instead, they produced a one page "summary" stating nothing more than the gross amounts ASG paid each of them in a calender year. There is none of the relevant detail actual records would show, such as exactly when the payments were made, in what increments, how they were characterized for accounting purposes, and a host of other such details. Again, no "extenuating circumstance" justifies the failure to produce these documents. If defendants had the records from which to create these summaries, they could and should have produced the records themselves.

In response to request 4, defendants failed to produce any "records of all monies drawn from ASG Consultants, Ltd. in connection with the purchase of any real estate which was titled in your name or the name of your spouse." *See* Exhibit 1. In the original motion to compel, it was pointed out that defendant Amar Grewal testified that he and his wife own the real estate where ASG has its facilities, and that ASG leases that real estate from them. Further, he testified that he and his wife draw money from ASG at will. One would expect that at least some money from the corporation would have been paid at settlement for a security deposit, for advance rent, for insurance, for taxes, and the like. In view of Mr. Grewal's testimony that he drew money from ASG as he desired, it seems unlikely that he drew no money to purchase the property ASG

leases.  If the Grewals did draw funds from ASG for the purchase, it is difficult to believe there are no documents reflecting that fact.

Defendants next say that business problems prohibited them from complying with their commitment to produce documents by November 6, 2003.

Defendants have proffered no explanation of why "extenuating circumstances" justify this  failure to produce those documents.

Until this late hour, defendants never mentioned any of these "extenuating circumstances" at all in any context.  For instance, defendants have never, in all the months since receiving the notices of deposition on August 1, 2003, explained to the Court or to plaintiff that they intended to comply with their duty to cooperate with discovery, but that they were having other troubles.  Defendants never made any attempt in all those months to produce some of the documents, while searching for others.  Even today, defendants' proffered explanation does not explain why they could not find the time in all those months to photocopy their tax returns and financial returns, or photocopy sales records.  None of these documents are obscure nor difficult to locate, and copying them ought to take a matter of at most a few hours.  Defendants' proferred excuse for not meeting its commitment to produce documents, an inability to ship product into the United States until October 30, 2003, would seem to have allowed them more time, not less, to produce the limited number of documents required.  All of those documents would normally be readily at hand in any business, particularly one where there are only three full-time employees, two of whom are the defendants who also run the business and create and maintain the documents.  All that was requested for financial records, including tax returns, documents dealing with monies paid to its executives (two of its three employees) or on behalf of its

5

executives, its contracts with its executives, and its sales into a large portion of the United States. These are routine documents that any business would have readily at hand.

### III.    A HISTORY OF RECALCITRANCE REQUIRES SEVERE SANCTIONS

The sum and substance of defendants' legal argument is that defendants' recalcitrance was not severe enough to justify sanctions. Part of that argument depends on defendants' story of business troubles, but that excuse does not address what actually happened. Whatever efforts defendants made to satisfy the United States Department of Agriculture, these efforts could not have made it impossible over the course of several months to pull records from the files and copy them.

Here, as in *Riverside Memorial Mausoleum, Inc. v. Sonnenblick-Goldman Corp.*, 80 F.R.D. 433, 434 (E.D. Pa. 1978), cited in both parties' memoranda on this motion, "the case presents a picture of persistent and studied indifference" by the defendants to "the time requirements of the Federal Rules of Civil Procedure." Defendants refused to appear for their depositions. Defendants opposed producing relevant documents. To avoid a Court hearing the next day, defendants finally promised to produce those documents by November 6, 2003, and then, without proffering any explanation to the Court or to plaintiff's counsel, broke that promise. Plaintiff was then forced to file yet another motion to compel, and yet defendants continued, without proffering any explanation, to fail to produce any documents. Only after the Court's Order of December 8, 2003, did defendants make a partial production, and continue to ignore the fact that this production was incomplete and inadequate. At some point, sanctions should be imposed, or, as Judge Lord wrote in *Riverside,* the Court will be reduced to "frustrated impotence." *Id.* at 437.

6

Therefore, plaintiff respectfully requests that this Court grant its renewed motion to compel and for sanctions.

DATED: December 15, 2003                         Respectfully submitted,

                                                 Kramer & Kramer, LLP


                                    By:_____
                                          Mitchell A. Kramer
                                          Barbara H. Kramer
                                          1077 Rydal Road, Suite 100
                                          Rydal, PA 19046
                                          (215) 887-9030

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of Plaintiff's Reply Memorandum in Support of its Renewed Motion to Compel and for Sanctions to be served on counsel for defendants by facsimile and first class mail as follows:

Robert B. Bodzin, Esquire
Kleinbard, Bell & Becker LLP
1900 Market Street, Suite 700
Philadelphia, Pennsylvania 19103

Date: December 15,  2003

_____
Mitchell A. Kramer
Attorney for Plaintiff

9