IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC. | ) <br> ) <br> ) |
| Plaintiff | ) <br> ) |
| v. | ) Civil Action No. 02-CV-2741 <br> ) |
| ASG CONSULTANTS LTD. <br> and <br> AMAR GREWAL and KAL GREWAL, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendant | ) <br> ) |

**PLAINTIFF'S MOTION TO ENFORCE THE
COURT'S ORDER GRANTING SANCTIONS**

Plaintiff, Lynx Associates, Inc., hereby respectfully moves this Court to enforce its prior Order granting sanctions against defendants, and require defendants to pay fees and costs as stated in plaintiff's accompanying fee affidavit promptly or suffer default, and in support thereof states:

1. On December 16, 2003, this Court entered an Order requiring that "Defendants shall pay to Plaintiff the costs of preparing two Motions to Compel and shall produce all documents requested by Plaintiff in Attachment A to the Notices of Deposition within five (5) days of receipt of this Order." *See* Exhibit 1, a copy of the Court's Order dated December 16, 2003.

2. On December 19, 2003, counsel for plaintiff sent defendants a statement of counsel's fees and expenses at the plaintiff's usual and customary billing rates in preparing the two motions to compel. *See* Exhibit 2, attached and made a part hereof, a copy of that statement and the accompanying cover letter from plaintiff's counsel.

3. On December 22, 2003, counsel for defendants responded, not by forwarding payment

of those costs and expenses, but by questioning whether the statement reflected the amounts charged to plaintiff. *See* Exhibit 3, attached and made a part hereof, a copy of counsel for defendant's letter of December 22, 2003.

4. On December 23, 2003, counsel for plaintiff replied, explaining that "[t]he statement I sent you reflected the fair and reasonable value of the services performed in connection with the various motions to compel. Since I am handling the case on a contingent fee basis, my client is billed only for out-of-pocket expenses until the conclusion of the case." *See* Exhibit 4, attached and made a part hereof, a copy of plaintiff's counsel's letter of December 23, 2003.

5. Defendants did not reply to that letter nor did defendants forward the Court-ordered payment to counsel for plaintiff.

6. On January 6, 2004, counsel for plaintiff again wrote to counsel for defendants concerning defendants' continued failure to pay the sanctions award. *See* Exhibit 5, attached and made a part hereof, a copy of plaintiff's counsel's letter of January 6, 2004.

7. By way of response, on January 7, 2004, counsel for defendants wrote another letter stating an unwillingness to pay the full amount of plaintiff's statement of costs and fees. Instead, defendants stated they are willing to pay less than half of that amount, Defendants questioned the date of one item in which there was a transcription error on the date of the work performed and also questioned whether certain work was properly related to the motions to compel.

8. Defendants' unwillingness to pay plaintiff's fees as sanctions has forced plaintiff to file this motion.

9. Plaintiff's fees and costs were incurred in researching, drafting and filing a motion to compel attendance at a deposition and accompanying memorandum of law, a reply memorandum

supporting that same motion, a renewed motion to compel and for sanctions and accompanying memorandum of law, and a reply memorandum supporting that renewed motion, as well as related correspondence to counsel and the Court, and also telephone calls and conferences with counsel and the Court and preparing for and attending a hearing on the renewed motion to compel.  The fees and costs plaintiff seeks now also include those incurred in preparing the instant motion.  *See* Exhibit 6, attached and made a part hereof, the fee affidavit of Mitchell A. Kramer and accompanying statement of fees and costs.

WHEREFORE, plaintiff respectfully moves this Court to grant this motion and enter an order requiring defendants to pay to plaintiff's counsel the sum of $13,213.64 within five (5) days of the date of the Court's Order or suffer entry of a default judgment in that amount against all defendants and further, suffer entry of a default judgment on liability against all defendants, with a hearing to be held on damages thereafter.

                        Respectfully submitted,

DATE: January 8, 2004                                _____
                                                                  Mitchell A. Kramer
                                                                  KRAMER & KRAMER, LLP
                                                                  1077 Rydal Road, Suite 100
                                                                  Rydal, PA 19046
                                                                  (215) 887-9030

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LYNX ASSOCIATES, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ASG CONSULTANTS LTD. )<br>and )<br>AMAR GREWAL and KAL GREWAL, )<br>)<br>Defendant ) | Civil Action No. 02-CV-2741 |

**ORDER**

AND NOW, this   day of         , 2004, upon consideration of plaintiff's motion to enforce this Court's Order of December 16, 2003 and all responses thereto, it is hereby ORDERED that

1) Defendants are required to pay to plaintiff's counsel $13,213.64 in fees and costs in sanctions in accordance with this Court's Order of December 16, 2003, within five (5) days of the date of this Order; or

2) Judgment shall be entered against all defendants for the amount of $13,213.64 representing the sanctions per paragraph 1 of this Order, and

3) Judgment by default shall be entered against all defendants on all issues of liability and

  4) The Court will thereafter schedule a hearing to determine the full amount of damages to be awarded to plaintiff.

               BY THE COURT:

               _____
                             J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LYNX ASSOCIATES, INC. | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 02-CV-2741 |
| ASG CONSULTANTS LTD. and AMAR GREWAL and KAL GREWAL, | ) | |
| Defendant | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO ENFORCE THE COURT'S ORDER GRANTING SANCTIONS**

Defendants have, ever since August 2003, refused to comply with their discovery obligations in this matter, leading to this Court's Order of December 16, 2003, imposing sanctions against defendants for that behavior. The sanction this Court ordered was that defendants pay the costs associated with the filing of plaintiff's two different motions to compel which finally led to the imposition of sanctions. Yet, as detailed in the accompanying motion to enforce this Court's Order, defendants not only have not yet paid these costs but have stated that they would only be willing to pay slightly less than half of these fees. Plaintiff, therefore, has been forced to come back to this Court to seek enforcement of the Court's Order.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Lynx is a sales agency specializing in the horticultural industry. ASG is a Canadian company that manufactures "Repellex" which protects gardens from deer. On August 1, 1998, Lynx and ASG entered into a Sales Agency Agreement in which Lynx agreed to be ASG's exclusive sales representative in twenty-two states in the eastern United States. As detailed at

great length in other papers filed in this Court, ASG terminated that Agreement without cause as of August 1, 2001. Under the terms of that Agreement, therefore, Lynx is entitled to commissions on sales made into its old territory for three years after that termination, or until August 1, 2004.[1]

After discovery revealed that ASG and its principal, Amar Grewal, together with his wife, appeared to have ignored corporate forms and acted as each other's alter egos, this Court granted leave to amend the Complaint to join the Grewals as defendants. Thereafter, Lynx sought to depose the Grewals, and to obtain documents relevant to Lynx's claims against them and ASG.

Defendants refused to be deposed or to produce their documents. Lynx then moved to compel the defendants to appear for depositions. At the same time, however, plaintiff offered to compromise by accepting the production of all the documents listed in the notices of deposition. Defendants did not accept that offer, so the Court scheduled a conference call to resolve that motion for October 23, 2003. On October 22, 2003, rather than have this Court hear the motion, defendants agreed to produce all of the documents requested in attachment "A" to the Notice of Deposition with fifteen days (that is, by November 6, 2003.) In return, plaintiff requested that the Court defer action on its motion to compel.

November 6, 2003 passed and defendants did not produce any documents. After several efforts to obtain cooperation, plaintiff filed a renewed motion to compel. This Court heard that motion and, on December 16, 2003, entered an Order requiring that "Defendants shall pay to Plaintiff the costs of preparing two Motions to Compel and shall produce all documents

---

[1] For a more complete history of these events, see plaintiff's memoranda supporting its pending motion for summary judgment and opposing defendants' countermotion for summary judgment.

requested by Plaintiff in Attachment A to the Notices of Deposition within five (5) days of receipt of this Order." *See* Exhibit 1, a copy of the Court's Order dated December 16, 2003. Pursuant to that Order, on December 19, 2003, plaintiff's counsel forwarded to defendants' counsel a statement of fees and costs associated with the motions to compel totaling $12,014.18.

As detailed in the accompanying motion and attached exhibits, defendants refused to pay those sanctions. Instead, on January 7, 2004, defendants offered to pay slightly less than half of plaintiff's costs. *See* Exhibit 5 to the attached motion. In other words, defendants have refused to pay over $6000.00 of the costs and fees set forth in plaintiff's counsel's statement of fees and costs. Even while refusing to pay over $6000.00, however, defendants' counsel only disputed a few hundred dollars of those fees and costs. Defendants disputed 2.1 hours of time entered on the statement sent to them as time worked on December 16, 2003. The entry of this date was a transcription error, and the work was in fact done on, and listed on a time sheet dated, December 15, 2003. This error has been corrected on the Affidavit attached hereto. Defendants never inquired about this entry before sending their letter of January 7, 2004, refusing to pay over half of the fees and costs on plaintiff's statement. If they had inquired, they could have learned the date was simply typed incorrectly. Defendants only other dispute was their position, for reasons they fail to state, that they should not be responsible for work done on August 4, 14, and 15. Defendants never articulated their reasons for disputing their responsibility for this work.

## II. DISCUSSION

Federal Rule of Civil Procedure 37 provides an escalating scale of sanctions for failure to cooperate in discovery. First, if a party fails to provide discovery, a party may move to compel. Fed.R.Civ.P. 37(a)(2). Then, Federal Rule of Civil Procedure 37(a)(4)(A) provides that

>If the motion is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party of deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving part the reasonable expenses incurred in making the motion....

*See, e.g, Stein v. Foamex International, Inc.,* 2001 WL 856722 (E.D.Pa. 2001)(directing plaintiff to submit affidavit of costs in prosecuting successful motion to compel); *Get-A-Grip, II, Inc. v. Hornell Brewing Co.,* 2000 WL 1201385 (E.D.Pa. 2000)(granting a motion for sanctions after party forced to renew request for discovery). In awarding such fees, the Court can and should require the sanctioned party to pay the actual and customary rates of plaintiff's counsel as long as these are reasonable in light of the practice of law before the United States District Court for the Eastern District of Pennsylvania. *See PepsiCo v. Central Investment Corp., Inc.,* 2002 WL 32123915 (S.D.Ohio. 2002)(awarding costs and fees of $100,000.00 associated with filing motions to compel and for sanctions); *Tarlton v. Cumberland County Correctional Facility*, 192 F.R.D. 165 (D.N.J. 2000)(awarding fees to plaintiff's attorney in suit against correctional facility at his customary hourly rate of $250.00 an hour); *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.,* 179 F.R.D. 77 (D.Conn. 1998)(in personal injury case against defendant for sexual abuse by priest, plaintiff awarded $33,195.75 in fees and costs for additional work flowing from tardy production of documents during trial).

      The Court in fact did order defendants to pay plaintiff's fees and costs, but defendants have refused to comply. When a party fails to comply even after the award of sanctions, this Court has the power to impose further sanctions, most notably some version of default. For instance, if a party ignores a court order concerning discovery, the Court may enter the following sorts of orders:

> **(A)** An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Fed.R.Civ.P. 37(b)(2). Here, defendants' recalcitrance justifies a default against them if they do not promptly comply with this Court's Orders. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1146 (3d Cir. 1990)(affirming entry of default after parties' failure to comply with sanctions order). *See also Mangano v. American Radiator and Standard San Corp.,* 438 F.2d 1187, 1188 (3d Cir. 1971)(failure to answer interrogatories justified dismissal of plaintiff's claims); *Neal v. Director, District of Columbia Department of Corrections,* 1995 WL 517248 (D.D.C. 1995)(barring defendants from calling non-party fact witnesses for failure to answer interrogatory seeking identity of such witnesses).

**CONCLUSION**

The history of this dispute, first over defendants' recalcitrance in discovery, and now their refusal to abide by Court Orders, shows why sanctions are especially appropriate. Plaintiff therefore respectfully requests that this Court grant this motion, and direct defendants promptly to pay the amounts stated in the Statement of Fees and Costs attached as Exhibit 6 to the accompanying motion, or suffer default.

        Respectfully submitted,

        KRAMER & KRAMER, LLP

        By:_____
          Mitchell A. Kramer
          1077 Rydal Road, Suite 100
          Rydal, PA 19046

Dated: January 8, 2004          (215) 887-9030

**CERTIFICATE OF SERVICE**

I, Mitchell A. Kramer, attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of Plaintiff's Motion To Enforce the Court's Order Granting Sanctions via facsimile and regular mail on counsel for defendant as follows:

>Eric J. Schreiner, Esquire
>Kleinbard Bell & Brecker LLP
>1900 Market Street
>Suite 700
>Philadelphia, Pennsylvania 19103
>Facsimile: (215) 568-0140

>_____
>Mitchell A. Kramer
>KRAMER & KRAMER, LLP
>Attorney for Plaintiff

Dated: January 8, 2004