IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASG CONSULTANTS, LTD., et al., <br><br> Defendants. | Civil Action No. 02-CV-2741 |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE COURT'S ORDER GRANTING SANCTIONS

Defendants ASG Consultants, Ltd. ("ASG"), Amar Grewal and Kal Grewal (collectively "Defendants") file this memorandum of law in opposition to Plaintiff Lynx Associates, Inc.'s ("Lynx") Motion to Enforce the Court's Order Granting Sanctions (the "Motion"), which seeks and order requiring Defendants to pay Lynx's counsel more than $13,000 in fees an expenses. Defendants respectfully submit that Lynx's request for more than $13,000 in fees and costs incurred in connection with two straight-forward, uncomplicated motions to compel is not reasonable and, therefore, Defendants should not be required to pay this full amount. Defendants do not contest their obligation to pay costs attributable to the motions to compel, they only contest the reasonableness of the total amount of fees and expenses sought by Lynx's counsel.

Defendants have not refused to pay sanctions or to comply with the Court's December 16, 2004 Order, as argued by Lynx in its Motion. In fact, Defendants never indicated to Lynx that they would not pay its reasonable costs in connection with the motions to compel. To the contrary, as Lynx states in its Motion, Defendants offered to pay Lynx $6,000 prior to the Motion being filed -- an amount that Defendants considered to be a fair estimation of the reasonable amount of fees and costs that should be incurred in connection with two motions to

compel that did not involve any novel legal issues, complex factual issues, or extensive briefing. See January 7, 2004 letter from E. Schreiner to M. Kramer (attached hereto as Exhibit A). Lynx's only response was to insist on full payment of all its requested fees and expenses.

Defendants are disputing the reasonableness of the total amount of Lynx's fees and expenses, which were in excess of $12,000 prior to Lynx filing the present Motion. Under Federal Rule of Civil Procedure 37, a party that fails to comply with discovery can be sanctioned and required to pay the other party's *reasonable* costs in connection with a motion to compel. See Fed. R. Civ. Proc. 37(a)(4) (the party necessitating the motion shall be required "to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . ."). Thus, a party required to pay costs incurred in connection with a motion to compel as a sanction is obligated to pay those expenses that are "reasonable."

Lynx's request for in more than of $13,000 in fees and expenses is not reasonable because it is excessive in view of the nature of the specific motions to which it relates. Neither of the motions to compel involved novel legal issues, complex factual issues, or matters that required extensive briefing. The motions were straight-forward requests to compel two depositions (the first motion) and to compel the production of documents and/or impose sanctions (the second motion). Lynx's request to be reimbursed for approximately fifty hours of attorney time and five hours of paralegal time in connection with these two motions is exorbitant, exceeding what should be deemed reasonable under the circumstances.

In addition to the overall unreasonableness of the statement of fees and expenses, several entries on the statement are not related to preparing the motions to compel. These charges include the 8/4, 8/14 and 8/15 entries for Mitchell A. Kramer (totaling 1.1 hours) and the 8/14 and 8/15 entries for John R. Prince (totaling 2.4 hours), all of which involved analyzing and

responding to Defendants' reply to Lynx's deposition notices to Amar and Kal Grewal.  <u>See</u> Exhibit B to Motion to Compel.  Lynx's counsel should not be reimbursed for these fees.

Defendants simply are seeking a determination of the reasonableness of Lynx's statement of fees and expenses.  Defendants recognize that they have been ordered to pay Lynx's costs in connection with the motions to compel, but respectfully submit that this obligation is governed by a reasonableness standard.  Lynx's request for more than $13,000 in fees and expenses exceeds what can be considered reasonable under the circumstances.  Accordingly, Defendants respectfully request that they only be required to pay an amount of fees and costs that would be reasonable for two relatively simple motions to compel that did not involve any novel legal issues or complex factual issues.

        Respectfully submitted,

        KLEINBARD, BELL & BRECKER LLP

_____
Robert B. Bodzin
Eric J. Schreiner
1900 Market Street, Suite 700
Philadelphia, PA  19103
(215) 568-2000

Dated:  January 12, 2004