IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., <br><br>　　　　　Plaintiff, <br><br>　　　v. <br><br> ASG CONSULTANTS, LTD., et al., <br><br>　　　　　Defendants. | Civil Action No. 02-CV-2741 |

**KLEINBARD, BELL & BRECKER LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Kleinbard, Bell & Brecker LLP ("KBB") respectfully submits this memorandum of law in support of its motion pursuant to Local Rule of Civil Procedure 5.1 for leave to withdraw as counsel for Defendants ASG Consultants, Ltd. ("ASG"), Amar Grewal and Kal Grewal (collectively "Defendants"). KBB makes this motion because Defendants have not satisfied their past financial obligations to KBB and it is unlikely that Defendants will be able to satisfy their ongoing financial obligations to KBB prior to the trial of this matter. Therefore, for the reasons set forth below, KBB respectfully requests that it be permitted to withdraw as counsel for Defendants in this matter.

**I.　　FACTS**

KBB entered its appearance on behalf of Defendants on July 9, 2003, replacing Defendants original counsel. Since that time, KBB has diligently represented Defendants but Defendants have failed to satisfy their financial obligations to KBB. Defendants also have made it clear to KBB that they cannot satisfy KBB's outstanding bill for fees and expenses prior to the time this matter goes to trial. This case is scheduled to be placed into the trial pool on February

6, 2004, and the amount that Defendants owe to KBB will only continue to increase as the parties prepare for trial and then try this case.

KBB advised Defendants on January 9, 2004 that if they did not fulfill their financial obligations to KBB, then KBB would seek permission to withdraw as Defendants' counsel in this matter. KBB should not have to continue to represent Defendants in this matter without being compensated for its services. Accordingly, KBB respectfully requests that the Court grant it leave to withdraw as counsel for Defendants.

**II.    ARGUMENT**

Local Rule of Civil Procedure 5.1 provides that "an attorney's appearance may not be withdraw except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." Loc. Civ. R. 5.1(c). KBB is seeking permission from the Court to withdraw as Defendants' counsel, pursuant to Rule 5.1, because there is not another attorney prepared to enter an appearance for Defendants.

The decision whether to grant a motion to withdraw is within the discretion of the court. See Taylor v. Stewart, 20 F. Supp.2d 882, 883 (E.D. Pa. 1998). Courts in this district apply a four-part test in considering motions to withdraw, which weighs the following factors:

1)  the reason for which withdrawal is sought;
2)  whether withdrawal will prejudice the parties;
3)  whether withdrawal will interfere with the administration of justice; and,
4)  the degree to which withdrawal will delay the action.

Id.

A motion to withdraw also implicates the Pennsylvania Rules of Professional Conduct.[1]
Pennsylvania Rule of Professional Conduct 1.16 provides as follows:

> Declining or Terminating Representation
>
> ****
>
> (b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client or if,
>
> ****
>
> (4)  the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5)  the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
>
> (6) other good cause for withdrawal exist;
>
> (c)  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Pa. RPC, Rule 1.16; see also Stewart, 20 F. Supp.2d at 883-84.

KBB's request to withdraw as counsel for Defendants is consistent with the Pennsylvania Rules of Professional Conduct.  Defendants have failed to substantially fulfill an obligation to KBB and requiring KBB to continue representing Defendants without being compensated would create an unreasonable financial burden for KBB.  See Pa. RPC, Rule 1.16(b)(4)-(5).

Consideration of the four factors weighed by courts in the Eastern District also supports granting KBB's present motion.  See Stewart, 20 F. Supp.2d at 883.  KBB is seeking to withdraw for a legitimate reason -- Defendants' failure to fulfill their financial obligations.  Withdrawal

---

[1]  Local Rule of Civil Procedure 83.6 makes the Pennsylvania Rules of Professional Conduct applicable to attorneys practicing in this Court.  See Loc. Civ. R. 83.6.

will prejudice Defendants to the extent that they will not have counsel, but any prejudice arises from Defendants own failure to fulfill their obligations to their counsel. Finally, allowing KBB to withdraw may interfere with the administration of justice and cause some delay in this action as a result of Defendants being without counsel. Nevertheless, this potential for interference and delay should not result in denial of KBB's motion, because it simply is not equitable to require a law firm to continue performing services on behalf of a client that is not fulfilling its financial obligations to the law firm.

### III.  CONCLUSION

Defendants have not satisfied their current financial obligations to KBB and it is unlikely that they will be able to satisfy these obligations prior to the trial of this matter. In the meantime, Defendants' bill for legal services will continue to increase as the parties prepare for trial and ultimately try this case. For the reasons set forth above, KBB respectfully requests that the Court grant it permission to withdraw as counsel for Defendants in this matter.

Respectfully submitted,

KLEINBARD, BELL & BRECKER LLP

_____
Robert B. Bodzin
Eric J. Schreiner
1900 Market Street, Suite 700
Philadelphia, PA  19103
(215) 568-2000

Dated:  January 15, 2004