IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNX ASSOCIATES, INC., | ) | Civil Action No. 02-cv-2741 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASG CONSULTANTS LTD., | ) | |
| AMAR GREWAL and KAL | ) | |
| GREWAL, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OPPOSING DEFENSE COUNSEL'S
MOTION FOR LEAVE TO WITHDRAW**

Kleinbard Bell & Brecker, LLP ("KBB") seeks leave to withdraw solely because defendants have failed to pay counsel fees. Because withdrawal at this critical juncture would interfere with the administration of justice, the motion should be denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Lynx Associates, Inc. ("Lynx") is a sales agency specializing in the horticultural industry. ASG Consultants Ltd. ("ASG") is a Canadian company that manufactures "Repellex" which protects gardens from deer.  As detailed at great length in other papers filed in this Court, ASG terminated the Sales Agency Agreement it had with Lynx without cause, after failing to pay commissions it owed to Lynx.  Lynx originally brought this Complaint against ASG alone, and has a motion for partial summary judgment on the issue of ASG's liability now pending in this Court.  During the deposition of ASG's president, Amar Grewal, however, he testified that both he and his wife take money from ASG's corporate funds as they wish for their personal use. (Amar Grewal's deposition at 40 - 41)  After that deposition, this Court granted Lynx leave to amend the Complaint to join the Grewals as ASG's alter egos.  Also soon after the deposition, in

July 2003, KBB entered its appearance for defendants, replacing prior counsel.

Defendants then refused to produce documents that show the financial dealings between ASG and the Grewals, leading to two motions to compel. The Court ordered the defendants to produce certain documents and to pay plaintiff's counsel fees for those motions. After defendants refused to pay the fees on the statement provided by plaintiff's counsel, plaintiff's counsel was forced to file another motion, this time to enforce the sanctions imposed by the Court. Although they refused to pay plaintiff's counsel fees, defendants did produce some, but not all, of the documents the Court has ordered them to produce. These documents detail payments not only to the Grewals for their personal use, and payments for real estate titled to the Grewals, but also payments of at least $168,000.00 to another company, Natura Products, Inc. The defendants' counsel has said that there are even more checks showing payments from ASG to the Grewals that have not yet been produced. These documents may further illuminate the collapse of corporate formalities and also show a further pattern of fraudulent conveyance from ASG to Natura Products, Inc.

In addition to the pending motions for partial summary judgment, the outstanding discovery and the related motion to enforce sanctions, plaintiff is preparing a motion for summary judgment against the Grewals on the alter ego theory based on the documents produced in the past few weeks. Furthermore, Lynx now must file a motion to amend the complaint to allege a fraudulent conveyance to Natura Products, Inc. or, alternatively, that Natura Products, Inc. is liable as ASG's successor corporation.

It is at this critical stage of the litigation that defendants' counsel has moved for leave to withdraw as defendants' counsel without substitute counsel to take their place, solely because

2

KBB is not being paid its fees.

## II. DISCUSSION

Counsel's motion for leave to withdraw is governed by Local Rule of Civil Procedure 5.1(c), which states that "an attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." The decision whether to allow counsel to withdraw lies within the discretion of the Court. *See McCune v. First Judicial District of Pennsylvania Probation Dept.,* 99 F.Supp.2d 565, 566 (E.D.Pa. 2000). That discretion is to be guided by considering the following four factors:

> (1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action.

*Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998). In this matter, withdrawal will prejudice plaintiff, will interfere with the administration of justice which already has been frustrated by defendants' past recalcitrance, and will delay the trial indefinitely. Therefore, defense counsel should not be allowed to withdraw until substitute counsel is found or the matter otherwise resolved.

KBB cites a case that is similar in some important ways to that before the Court, *Taylor v. Stewart*, 20 F.Supp.2d 882 (E.D. Pa. 1998), but in that decision the court refused to allow counsel to withdraw immediately. In *Taylor*, a law firm representing the defendant also wanted to withdraw because the firm was not being paid its fees  In fact, in *Taylor* the defendant already owed his counsel $100,000.00 and the firm estimated that it would incur additional fees and expenses of more than $200,000.00, for which there was no prospect of payment. *Id.* at 883.

3

Despite that obvious financial burden on the firm, the Court did not allow their immediate

withdrawal.  To the contrary, the Court forced the firm to continue to represent the defendant

through the close of discovery.  Important discovery remains to be done in this matter as well.

Defendants have yet to turn over copies of certain checks which KBB told plaintiff's counsel

defendants had in their possession.  These checks from ASG to the Grewals and to Natura

Products, Inc. seem likely to show an even greater pattern of looting ASG for the benefit of the

Grewals and other companies than already has been found to be the case.  Allowing KBB to

withdraw now would delay, indefinitely, the production of these important documents.  Just as in

*Taylor v. Stewart*, 20 F.Supp.2d 882 (E.D. Pa. 1998), where the Court refused to allow defense

counsel to withdraw before all discovery was completed, so too here, the Court should not allow

defense counsel to withdraw right at the time when important discovery is pending.  To do so

"would significantly interfere with the administration of justice and prejudice the other parties."

*Id.* at 884.

> The *Taylor* case also is dissimilar from this one in a critical way.  As that Court noted,
>
> Trial is scheduled for March, 1999.   Stewart [the defendant] himself is an
> attorney . . . As in any case where a party is not represented, he would have to
> conduct his own defense.   Because of his legal training and his familiarity with
> the intricacies of the case, he will be in a better position to do so than most pro se
> civil defendants.

*Id.* at 884, 885.  Because the defendant could represent himself at trial, his counsel was allowed

to withdraw after the close of discovery.  On the other hand, defendant ASG Consultants, Ltd.,

being a corporation, cannot proceed *pro se.  See, e.g., MOVE Organization v. United States*, 555

F.Supp. 684, 693 (E.D.Pa, 1983), in which the court explained, "Because organizational

personality is a legal fiction, appearance in propria persona is impossible. Thus, the courts have

4

repeatedly held that corporations and other organizations must be represented by counsel." *See also Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966)(corporation which sought to litigate its rights in court of law would not be permitted to represent itself by its president, but would be required to employ an attorney at law to appear for it and represent it in the litigation); *Pridgen v. Andresen*, 113 F.3d 391 (2d Cir. 1997)(layperson may not represent corporation, may not assert *pro se* a claim that has been assigned to litigant by corporation, and may not appear *pro se* to pursue shareholders' derivative suit). Therefore, if the Court were to allow KBB to withdraw, the case would come to a halt. Without counsel, there could be no trial.

There are echoes in this case of the seminal appellate decision on Local Rule 5.1(c), *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986). In that decision, interpreting Local Rule 18(c), now numbered Local Rule 5.1(c), the Court of Appeals for the Third Circuit affirmed Judge Pollak's refusal to allow counsel to withdraw even after the client refused to deal with counsel. That client was in a foreign country (Turkey), just as ASG and the other defendants are in a foreign country, Canada. Further, the court noted that the client, Makina, was a corporation which, like the corporation ASG, "has been an intractable litigant." 802 F.2d 679. Balancing the Turkish client's law firm's concerns "with the court's need for effective communication and efficient administration," *id.*, counsel was not allowed to withdraw. *See also Weintraub Brothers Co. v. Attraction House Company*, 1995 WL 234186 *3 (E.D.Pa. 1995)(refusing to allow counsel for a foreign corporation to withdraw despite being discharged and told it would not be paid any fees).

KBB forthrightly acknowledges that "allowing KBB to withdraw may interfere with the administration of justice and cause some delay in this action as a result of Defendants being

5

without counsel." KBB's brief in support of its motion at 4. KBB is quite right, except that it would be more accurate to state that the withdrawal *would* (not "may") interfere with the administration of justice. Without counsel, plaintiff quite likely will be unable to complete the pending discovery into ASG's relationships with the Grewals and Natura Products, Inc. Without counsel, defendants will be unable to respond to the motion for summary judgment against the individual defendants and the motion to amend the complaint to add Natura Products, Inc., as a party defendant, which Lynx must soon file. Finally, without counsel, a trial will be delayed indefinitely.

## CONCLUSION

While discovery is pending, dispositive motions remain undecided and additional motions are soon to be filed. It would impair the administration of justice and prejudice plaintiff's rights to allow defense counsel to withdraw its appearance. Therefore, plaintiff respectfully requests that the Court deny Kleinbard Becker & Bell, LLP's motion for leave to withdraw as defense counsel.


DATED: January 22, 2004                      Respectfully submitted,

                                             Kramer & Kramer, LLP


                                             By: s/Mitchell A. Kramer (MK867)
                                                 Mitchell A. Kramer
                                                 1077 Rydal Road, Suite 100
                                                 Rydal, PA 19046
                                                 (215) 887-9030

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing  to be served on counsel for

defendants by first class mail, postage prepaid, and via facsimile, as follows:

> Robert B. Bodzin, Esquire
> Eric J.Schreiner, Esquire
> Kleinbard, Bell & Becker LLP
> 1900 Market Street, Suite 700
> Philadelphia, Pennsylvania 19103
> Facsimile: (215) 568-0140

Date: January 22, 2004                               s/Mitchell A. Kramer (MK867)
                                                     Mitchell A. Kramer
                                                     Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LYNX ASSOCIATES, INC.,      )      Civil Action No. 02-cv-2741
                         )
          Plaintiff,   )
                         )
        vs.          )
                         )
ASG CONSULTANTS LTD.,   )
AMAR GREWAL and KAL     )
GREWAL,                )
          Defendants.  )

## **ORDER**

AND NOW, this      day of                , 2004, upon consideration of the motion

of defendants' counsel for leave to withdraw and all responses thereto, it is hereby ORDERED

that the motion is DENIED, without prejudice to be renewed at a later point in the litigation.

_____
                                J.
