IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNX ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASG CONSULTANTS, LTD., et al., <br><br> Defendants. | Civil Action No. 02-CV-2741 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE INDIVIDUAL DEFENDANTS**

**I.    INTRODUCTION**

Defendants ASG Consultants, Ltd. ("ASG"), Amar Grewal and Kal Grewal, through their undersigned counsel, file this Memorandum of Law in opposition to Plaintiff Lynx Associates, Inc.'s ("Lynx") Motion for Summary Judgment Against the Individual Defendants (the "Motion").

Lynx seeks a ruling that, as a matter of law, Amar Grewal and Kal Grewal should be deemed the alter-egos of ASG and found to be jointly and severally liable for any judgment against ASG. Lynx's Motion should be denied as to Kal Grewal because as a matter of law she lacks the type of authority or control that is an absolute prerequisite to being found the alter-ego of a corporation. The Motion also should be denied as to Amar Grewal because he simply has drawn reasonable compensation from ASG and has not used the corporate form for an illegitimate purpose or to perpetrate fraud.

**II.    ARGUMENT**

   **A.    Summary Judgment Standard**

Summary judgment is warranted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

{00008991;v1}

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). All reasonable inferences must be drawn in favor of the non-moving party. See La Fata v. Raytheon Co., 223 F. Supp. 2d 668, 678 (E.D. Pa. 2002). In this case, there are genuine issues of material fact and Lynx is not entitled to judgment as a matter of law against either Kal or Amar Grewal on its theory that they are the alter-egos of ASG. Accordingly, the Court should deny Lynx's Motion.

### B.      Lynx is not Entitled to Summary Judgment Against The Individual Defendants

#### 1.      Lynx is not Entitled to Summary Judgment Against Kal Grewal

Lynx's Motion should be denied as to Kal Grewal because as a matter of law she is not the alter-ego of ASG. Ms. Grewal is not a shareholder, officer, or director of ASG. See Affidavit of Amar Grewal at ¶¶2-3 (attached hereto as Exhibit A). She is an employee. Amar Grewal approved and authorized any checks written by Kal Grewal on ASG's accounts, including any checks for non-business related expenses. See id. at ¶4. Amar Grewal also approved and authorized any advances by ASG to Kal Grewal. See id. at ¶5.

Under these circumstances, there is no genuine factual dispute that as a matter of law Kal Grewal simply is not the alter-ego of ASG. She received two types of payments from ASG: (1) salary to which she was entitled in exchange for work she performed; and, (2) amounts that were used to pay non-business expenses that were reclassified as wages to her. All of these payments were approved and authorized by Amar Grewal. At all times, Kal Grewal was acting at the direction of Amar Grewal.

Consequently, Kal Grewal lacks the type of authority or control that is a prerequisite to being considered the alter-ego of ASG. In all of the cases cited by Lynx, the person or entity found to be an alter-ego possessed significant authority over the affairs of the corporation at

issue and was a shareholder and/or officer of the corporation. Kal Grewal is neither a shareholder nor officer of ASG. She also does not have significant authority over the affairs of ASG. Consequently, she should not be deemed ASG's alter-ego.

### 2. Lynx is not Entitled to Summary Judgment Against Amar Grewal

Lynx's Motion also should be denied as to Amar Grewal because there are genuine issues of disputed fact and Lynx is not entitled to judgment as a matter of law. Defendants do not dispute that Amar Grewal is the sole shareholder and officer of ASG and that ASG's accounts were used to pay personal expenses and expenses for another company he owns. This alone, however, does not entitle Lynx to summary judgment.

Lynx relies heavily on the fact that Amar Grewal received approximately $615,000 from ASG for the years ended January 31, 1999 through January 31, 2003. Yet, there is nothing unreasonable or improper about these payments. Over a five year period, Mr. Grewal -- the sole owner and president of ASG -- received an average of approximately $123,000.00 per year from the corporation. This was Mr. Grewal's total compensation and is a reasonable level of remuneration for the owner and president of a company who is fully engaged on a daily basis in the operations of the company. It does not demonstrate that he was stripping ASG of assets or siphoning off funds. He simply was collecting reasonable compensation, in the form of advances, for the work he was doing leading ASG's operations.

A court should disregard the corporate form and pierce the corporate veil only where a corporation's separate existence is a subterfuge or a mere sham, which is not the case with ASG. In Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1521 (3d Cir. 1994), for example, the Third Circuit observed:

> [G]enerally a shareholder is not personally liable to perform
> corporate obligations. The corporate veil is pierced only when the
> corporation was an artifice and a sham to execute illegitimate

        purposes and an abuse of the corporate fiction and immunity that it carries.

Id. (citations omitted); see also Catsouphes v. Atex Associates, Inc., 671 A.2d 208, 210 (N.J. Super. 1996) ("'We begin with the fundamental propositions that a corporation is a separate entity from its shareholders, . . . and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise.' . . . However, in limited cases such as 'fraud, injustice, or the like,' courts may pierce the corporate veil to impose liability upon shareholders. . . . The justification for imposing personal liability upon a shareholder 'is to prevent an independent corporation from being used to defeat the ends of justice, . . . to perpetrate fraud, to accomplish a crime, or otherwise to evade the law, . . . .'") (citations omitted).

        The Third Circuit's decision in First Options is instructive in the present case. In First Options the plaintiff attempted to pierce the corporate veil against the president of the defendant corporation, who had, on occasion, withdrawn funds for personal use without observing corporate formalities. The Third Circuit declined, however, to pierce the veil because "none of these withdrawals appear to have affected MKI's solvency or to have been made when it was insolvent. This record does not clearly and convincingly show that MKI was a sham Mr. Kaplan manipulated in fraud of its creditors." First Options, 19 F.3d at 1523. In reaching this decision, the court noted:

> Not every disregard of corporate formalities or failure to maintain corporate records justifies piercing the corporate veil. The remedy is available only if it is also shown that a corporation's affairs and personnel were manipulated to such an extent that it became nothing more than a sham used to disguise the alter ego's use of its assets for his own benefit in fraud of its creditors. In short, the evidence must show that the corporation's owners abused the legal separation of a corporation from its owners and used to corporation for illegitimate purposes.

First Options, 19 F.3d at 1522.

There is no evidence that Amar Grewal has used ASG as a an artifice and a sham, for an illegitimate purpose, or to perpetrate fraud. The mere fact that ASG currently is experiencing cash flow problems that have led to financial difficulties does not mean that ASG has been stripped of its assets or rendered insolvent as alleged by Lynx. The absence of evidence of fraud or illegitimate purpose is fatal to Lynx's Motion.

In sum, while Lynx has pointed to evidence demonstrating that corporate formalities were disregarded at times and corporate funds were used to pay non-business expenses, this evidence is not sufficient to find that Amar (or Kal) Grewal, as a matter of law, is the alter-ego of ASG.

## III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Lynx's Motion for Summary Judgment Against the Individual Defendants.

Respectfully submitted,

KLEINBARD, BELL & BRECKER LLP

_____
ROBERT B. BODZIN, ESQUIRE
ERIC J. SCHREINER, ESQUIRE
1900 Market Street, Suite 700
Philadelphia, PA  19103
(215) 568-2000

Dated:  February 12, 2004