IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNX ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-cv-2741 |
| | ) | |
| ASG CONSULTANTS LTD., | ) | |
| AMAR GREWAL and KAL | ) | |
| GREWAL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
 FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIVIDUAL DEFENDANTS**

Plaintiff, Lynx Associates, Inc. ("Lynx") filed a motion for summary judgment against Amar and Kal Grewal to establish that they are the alter egos of ASG Consultants Ltd. ("ASG"). In defendants' response, they acknowledge "that ASG's accounts were used to pay personal expenses and expenses for another company he [Amar Grewal] owns." Defendants' memorandum at 3. Given this admission, and the undisputed fact that the Grewals' siphoning of ASG's funds is frequent and substantial, as well as the clear signs that they are rendering ASG insolvent, plaintiff respectfully submits that this Court should grant summary judgment against the individual defendants.

1. **Kal Grewal has authority and control over ASG's funds.**

Defendants' contention that Kal Grewal has no "authority or control" over ASG belies both Amar Grewal's prior testimony and ASG's own financial records. Kal Grewal writes and signs ASG's checks, including checks to pay personal expenses. *See* Exhibit 17, examples of ASG checks signed by Kal Grewal for personal expenses, including checks to Costco Wholesale for items like juice and a television, checks to "Sara Towriss" for daycare, and checks to Inlet Montesorri and Meadowridge School. (Exhibits 1 through 16 are part of the original motion for

summary judgment). Moreover, apart from being the wife of the sole shareholder, Kal Grewal is a key employee in this small corporation, as she is the office manager. *See* Exhibit 3, Kal Grewal's employment contract.

Defendants fail entirely to address the key fact showing that Kal Grewal treats the separate existence of ASG as a sham. Kal Grewal takes any amount of money from ASG that she wants at any time she wants, well in excess of her contractual salary. While defendants claim all those payments made to her can be "reclassified as wages," in fact she drew tens of thousands of dollars more a year than her employment contract would allow, as previously detailed in Lynx's memorandum supporting this motion at 3. She simply writes checks to pay her personal expenses whenever she chooses. After the fact "reclassification" of those payments as "wages" well in excess of anything she was entitled to under her employment contract cannot hide the fact that she is helping her husband strip ASG of its assets.

Amar Grewal's affidavit, which states he approves and authorizes the checks Kal Grewal writes, simply shows that the two are acting in concert to siphon off ASG's funds. Furthermore, his own testimony was that he did not even know what checks his wife wrote or how she got paid. *See* Exhibit 2, Amar Grewal depo. at 41. ("Q. And how about for your wife, does she have a set salary? A. Unfortunately, I don't know because she does the checks. I've got to be honest.")

**2.      The Grewals have rendered ASG a sham and jeopardized its solvency.**

The hundreds of thousands of dollars advanced to Amar Grewal also have been "reclassified as wages." The defendants claim these advances merely reflect a fair salary. The issue is not, however, whether Amar Grewal was paid an exorbitant salary. The issue is that the

money he took from ASG had nothing at all to do with his salary.  Rather, Mr. Grewal decided how much money he wanted at any given time, and his wife wrote him a corporate check, or wrote a corporate check to a third party to pay their bills.  The corporation's money was his money to use any time he saw fit.  *See* Exhibit 2, Amar Grewal depo. at 41 ("Q.  Do you continue, however, when you need more money for your, or additional money for your living expenses, do you draw that out of the business?  A.  Yes.")

Defendants suggest that occasional abuses of corporate form are not enough to justify piercing the corporate veil.  The Grewals' abuses of the corporate form were more than occasional, however;  they were longstanding, frequent and substantial.   More importantly, the Grewals have not only rendered ASG a sham but have worked a fraud on ASG's creditors such as Lynx.  Defendants themselves quote, at page 4 of their memorandum, judicial language that shows why these individual defendants should be held personally liable.  The veil should be pierced where "it is also shown that a corporation's affairs and personnel were manipulated to such an extent that it became nothing more than a sham used to disguise the alter ego's use of its assets for its own benefit in fraud of its creditors."  *Kaplan v. First Options of Chicago, Inc.,* 19 F.3d 1503, 1523 (3d Cir. 1994)

In *Kaplan*, the court found the shareholder's occasional use of corporate funds for personal use to be insignificant as the corporation's solvency was not affected.  Here, of course, the Grewals have taken hundreds of thousands of dollars from the corporation at a time when ASG's solvency is very much in doubt.  ASG lost $46,536.00 in the year ended January 31, 2002.  *See* Exhibit 12, ASG's tax return.  In that same year, ASG advanced Amar Grewal $232,968.72 and Kal Grewal $53,479.10, or a total of $286,447.82.  *See* Exhibits 4 and 8 -

ASG's "Account QuickReport," for the periods ending January 31, 2002 and January 31, 2003 entitled "Advance – KG."  Now, as the Court is well aware, ASG's solvency is so precarious that it was forced to ask for relief from the Court in paying sanctions this Court had ordered it to pay.  As the Court is also aware, these individual defendants are siphoning funds from ASG to invest in and pay the operating expenses of another corporation Amar Grewal owns, Natura Products Inc.  In fact, defendants admit that "ASG's accounts were used to pay personal expenses and *expenses for another company he owns*."  Defendants' memorandum at 3 (emphasis supplied).

Amar Grewal admits taking money from ASG for his personal expenses.  Amar Grewal admits that he is siphoning money to another corporation.  Meanwhile, ASG claims it has "cash flow" problems and declares losses on its income tax returns. ASG has not even been paying its own attorneys' in this matter their fees.   In these circumstances, ASG is truly a sham whose allegedly separate existence serves only to defraud creditors like Lynx.

                    Respectfully submitted,

                    Kramer & Kramer, LLP

Dated: February 20, 2004

                    Mitchell A. Kramer
                    1077 Rydal Road, Suite 100
                    Rydal, PA 19046
                    (215) 887-9030
                    Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing Plaintiff's Reply Memorandum of Law In Support of Its Motion For Partial Summary Judgment Against Individual Defendants to be served on counsel for defendants via facsimile, as follows:

      Robert B. Bodzin, Esquire
      Eric J. Schreiner, Esquire
      Kleinbard, Bell & Becker LLP
      1900 Market Street, Suite 700
      Philadelphia, Pennsylvania 19103
      Facsimile: (215) 568-0140

Date: <u>February 20, 2004</u>

      Mitchell A. Kramer
      Attorney for Plaintiff